(No. 51135.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. FENIX SHIELDS, Appellee.

*Opinion filed September 19, 1979.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Marcia B. Orr, Margaret K. Stanton, and Lee T. Hettinger, Assistant State's Attorney, of Chicago, of counsel), for the People.

Ralph Ruebner, Deputy Defender, and Randy K. Johnson, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The defendant, Fenix Shields, was indicted for the offenses of aggravated battery and attempted murder, alleged to have been committed on May 25, 1976, when the defendant stabbed his brother-in-law with a knife. After certain proceedings in the circuit court of Cook County, the trial judge ordered the indictment dismissed. On appeal, the State contended that the dismissal was improper because it was not based upon permissible statutory grounds. (Ill. Rev. Stat. 1975, ch. 38, par. 114—1.) The appellate court, with one dissent, affirmed. (60 Ill. App. 3d 493.) It held that a continuance of the case would have deprived the defendant of a prompt trial, thereby denying him due process. We granted the State leave to appeal.

Defendant concedes that the trial judge improperly dismissed the indictment, that there was no statutory basis for the dismissal, and that the appellate court erred in holding that the dismissal was necessary to preserve the defendant's right to a prompt trial. Nevertheless, the

defendant requests that we affirm the judgment of the appellate court for reasons not advanced in that court's opinion. He maintains that a reversal would place him in double jeopardy, in violation of both the Illinois and Federal constitutions (Ill. Const. 1970, art. I, sec. 10; U.S. Const., amends. V, XIV) and the statutory bar against prosecution (Ill. Rev. Stat. 1975, ch. 38, par. 3—4(a)(3)).

A precise description of the procedural context in which the indictment was dismissed is necessary for an understanding of the defendant's double jeopardy claim. The defendant was arraigned on June 30, 1976, at which time he pleaded not guilty. No jury waiver was entered. Discovery proceeded routinely. The case was continued four times: twice on the defendant's motion, once on the State's motion, and once by agreement.

At the commencement of proceedings on December 2, 1976, defense counsel informed the judge that the complainant (defendant's brother-in-law) had telephoned him the day before, indicating that he would like the charges dropped. The defense counsel began to mention a hospital bill when the judge inquired if the defense counsel was suggesting that the State nol-pros the charges. The defense counsel responded that he was referring either to a *nolle prosequi* or to a dismissal of the case. The judge stated that a conference would have to be held before he would permit the State to enter a *nolle prosequi*. Immediately thereafter, the judge had the defendant placed under oath and advised him that, although the defendant would not have to accept the result of the conference, he would no longer be entitled to move for a substitution of judges.

Following a short recess, the judge and the defense counsel discussed a monetary settlement regarding the reimbursement of the complainant for his hospital expenses. After another recess and a series of discussions held off the record, the judge directed that the case proceed to trial. When the State responded that it was not ready for

trial, the judge dismissed the case. The State immediately sought to establish, for the record, its position that its witnesses were not present and that it was not answering ready for trial. The judge, disputing the State's position, ordered the complainant to be placed under oath. Over the State's objection, the complainant stated his name, that he was ready for trial and that he "would rather get it over with." After the prosecutor restated his position for the record, the judge reproached the State for its unwillingness to dispose of the matter in accordance with the wishes of the complainant, and reiterated that the case was dismissed. The proceeding concluded with the State noting for the record that no evidence had been heard.

The protections against double jeopardy are triggered only after an individual has been subjected to the hazards of trial and possible conviction. In criminal proceedings—whether the trier of fact is a jury or a judge—"courts have found it useful to define a point *** at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.'" (*Serfass v. United States* (1975), 420 U.S. 377, 388, 43 L. Ed. 2d 265, 274, 95 S. Ct. 1055, 1062.) Generally, jeopardy is said to attach in a jury trial when a jury is impaneled and sworn (*Crist v. Bretz* (1978), 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156) and in a nonjury trial when the first witness is sworn and the court begins to hear evidence. (We note that the United States Supreme Court has recently stated that "[i]n nonjury trials jeopardy does not attach until the first witness is sworn" (*Crist v. Bretz* (1978), 437 U.S. 28, 37 n.15, 57 L. Ed. 2d 24, 32 n.15, 98 S. Ct. 2156, 2161 n.15), but, in so declaring, cited a case in which it states, "In a nonjury trial, jeopardy attaches when the court begins to hear evidence" (*Serfass v. United States* (1975), 420 U.S. 377, 388, 43 L. Ed. 2d 265, 274, 95 S. Ct. 1055, 1062).) For the purposes of this opinion, we regard the point at which the first witness is

sworn and the point at which the court begins to hear evidence as being the coincident point at which trial commences. See Annot., *When Does Jeopardy Attach in a Nonjury Trial?*, 49 A.L.R.3d 1039 (1973). Also see Ill. Rev. Stat. 1975, ch. 38, par. 3—4(a)(3), and corresponding annotation, Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments, at 216 (Smith-Hurd 1972).

The record herein plainly indicates that the judge dismissed the case, albeit erroneously, even before he had the complaining witness placed under oath. Apparently believing that the State was callously prosecuting such a case, and knowing that the State was neither ready nor willing to proceed, the judge directed that the case proceed to trial, and then dismissed the case when the State objected. Obviously, the trial had not commenced. The defense counsel, in oral argument in this court, concedes that jeopardy had not attached at that point, but maintains that the judge did not ultimately dismiss the case until after the State had argued against dismissal and after the complaining witness had been sworn. We disagree. Our reading of the record indicates that, at the point to which defense counsel refers, the judge was merely repeating, at the State's behest, the disposition of the matter.

Were we to agree, *arguendo,* with defendant, that the case was not dismissed until the culmination of the proceedings on December 2, we would still hold that jeopardy had not yet attached. Proceedings preliminary to trial do not constitute jeopardy. (*People v. Webb* (1968), 39 Ill. 2d 146, 149 (suppression hearing); *People v. Chatman* (1967), 38 Ill. 2d 265, 269-70 (probable cause hearing); 21 Am. Jur. 2d *Criminal Law* sec. 177 (1965).) Witnesses are often sworn and testimony taken to resolve matters preliminary to trial. Consequently, the swearing in of a witness and the taking of testimony during preliminary proceedings do not place defendant in jeopardy of

548

conviction. Here, the complaining witness was not sworn within the context of a trial. The judge had the witness sworn, not to attest to the defendant's guilt or innocence, but to substantiate for the record that the State's principal witness was ready for trial and eager to have the case disposed. Because the defendant has not yet been placed in jeopardy of conviction, we find his double jeopardy claim to be without merit.

For the reasons stated, we reverse the judgments of the appellate and circuit courts and remand the cause to the circuit court of Cook County for further proceedings.

*Judgments reversed;*
*cause remanded.*