THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD FULKERSON, Defendant-Appellant.

Fourth District No. 4—83—0698

Opinion filed September 28, 1984.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Ronald Fulkerson, was convicted in a jury trial of indecent liberties with a child. The trial court sentenced the defendant to four years' probation, imposing as a condition of probation three years' periodic imprisonment, with six months' confinement to be served at the outset of the period.

The defendant was tried on a total of five counts of indecent liberties, all based on the same occurrence, and the jury found him guilty of two of the counts; judgment was entered on one of the verdicts. On the eve of trial, the State moved to nol-pros the first count, the one on which judgment eventually was entered, and the trial court denied the motion. On appeal the defendant argues that the trial court should have granted the *nolle prosequi* motion. Because the motion was heard and denied after jeopardy attached, the defendant also argues that the *nolle prosequi* would have operated as a dismissal with prejudice and would have precluded, on grounds of double jeopardy, his prosecution on the four other counts. The State agrees with the defendant that the motion should have been granted but believes that the *nolle prosequi* would have had no effect on the remaining counts.

The acts alleged here occurred February 15, 1982; the complainant, who is the niece of the defendant's girlfriend, was 12 years old at the time. Originally the defendant was charged with only one count of indecent liberties, based on sexual intercourse, and he was convicted of that in a jury trial in March 1983. Sometime after trial, defense counsel learned of an exculpatory medical report that had been submitted to the Department of Children and Family Services by a gynecologist, Dr. Ashvin Patel. Dr. Patel had examined the child on December 8, 1982, and he did not think that she had ever engaged in sexual intercourse. The State had not known of Dr. Patel's examination or report, and the trial court, viewing the report as newly discovered evidence, granted the defendant's motion for a new trial.

Over the defendant's objection, the State then amended the information by charging the defendant with four additional counts of indecent liberties, and these were based on lewd fondling rather than sexual intercourse. Right before the selection of a jury, the State moved to nol-pros count I of the information, the only count alleging sexual intercourse. The motion was heard and denied after the selection of 12 jurors and before the selection of an alternate juror; counsel's remarks at the hearing indicate that the jury had been sworn by that point. The court denied the motion to nol-pros, saying that it was untimely.

Trial began two days later. In the meantime, the State secured

testimony disputing Dr. Patel's conclusion that the child could not have engaged in sexual intercourse, and this was introduced in rebuttal. Also, the defendant's inculpatory statement to the police, in which he admitted having sexual intercourse with the child, was admitted into evidence. The complainant testified that the defendant led her into the bathroom, removed her trousers and underpants, and made her lie on her back on the floor. The defendant then removed his own trousers and underpants and lay on top of the complainant in a prone position. The complainant believed that penetration occurred. She said that the defendant did not touch her with his hands during this time; she noticed a sticky substance on her thighs when the defendant got off her. The defendant testified, and he denied ever engaging in any type of sexual conduct with the complainant. He explained that he made the inculpatory statement to the police because he was afraid and was tired of their questions. The jury returned verdicts finding the defendant guilty of count I and count IV, and the trial court entered judgment on the former.

■ We agree with the defendant and the State that the trial court should have allowed the motion to nol-pros count I of the information. A motion to nol-pros a charge must be allowed unless it is part of a vexatious or repetitious course of conduct directed against the defendant. (*People v. Verstat* (1983), 112 Ill. App. 3d 90, 444 N.E.2d 1374.) That was not apparent here. This was the State's first *nolle prosequi* motion. It was heard after jeopardy attached (*Crist v. Bretz* (1978), 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156; *People v. Shields* (1979), 76 Ill. 2d 543, 394 N.E.2d 1161), so dismissing the charge would have been with prejudice and constituted an acquittal, precluding the State from refiling the same charge later on. We conclude that the trial court abused its discretion in denying the State's motion to nol-pros count I.

The defendant argues that granting the *nolle prosequi* motion after jeopardy attached would have precluded, on grounds of double jeopardy, not only reprosecution on the dismissed charge, count I, but also prosecution on the four remaining counts. Apparently the defendant believes that all five counts charged the identical offense. Indeed, each count stemmed from the same occurrence and bore the same statutory name, indecent liberties with a child. From the evidence presented at trial, it appears that counts II through V were included offenses here of count I. Count I was the only charge alleging an act of sexual intercourse. The four other counts alleged that the defendant "performed an act of lewd fondling and touching" with the intent to arouse his own sexual desires (count II), to arouse the child's sex-

ual desires (count III), to satisfy his own sexual desires (count IV), and, finally, to satisfy the child's sexual desires (count V).

■■ Despite the close relationship among all five charges, dismissal of count I would not have barred prosecuting the defendant on the four remaining counts. In *Ohio v. Johnson* (1984), ___ U.S. ___, 81 L. Ed. 2d 425, 104 S. Ct. 2536, a defendant allegedly killed a person and stole property from the person's apartment, and was charged with two pairs of offenses, murder and manslaughter, and aggravated robbery and grand theft. He pleaded not guilty to the charges of murder and aggravated robbery and offered to plead guilty to the less serious offenses, manslaughter and grand theft. The trial court accepted the guilty pleas, over the State's objection, and imposed sentence. The defendant then moved to dismiss the two remaining charges, arguing that prosecution on those counts would put him in jeopardy twice for the same offense. The trial court granted the motion, and that decision was affirmed on review in Ohio. The United States Supreme Court reversed. The court rejected the defendant's argument that conviction and sentence on the less serious offenses barred prosecution on the greater offenses.

> "The answer to this contention seems obvious to us. Respondent was indicted on four related charges growing out of a murder and robbery. The grand jury returned a single indictment, and all four charges were embraced within a single prosecution. Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multi-count indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded. We have never held that, and decline to hold it now." ___ U.S. ___, ___, 81 L. Ed. 2d 425, 434, 104 S. Ct. 2536, 2542.

We conclude that the trial court should have allowed the motion of the State to nol-pros count I but that prosecution on the remaining counts would not have been precluded on grounds of double jeopardy. Therefore, we vacate the defendant's conviction on count I of the information. We remand the cause to the circuit court to enter judgment on the jury's verdict finding the defendant guilty of count IV and to impose sentence on that conviction. *People v. Allen* (1983), 116 Ill. App. 3d 996, 452 N.E.2d 636, *appeal allowed* (1983), 96 Ill. 2d 561 (remanding for entry of judgment and imposition of sentence); see *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180 (remanding for

imposition of sentence), and *People v. Vaughn* (1981), 92 Ill. App. 3d 913, 416 N.E.2d 681 (remanding for entry of judgment).

Vacated and remanded.

TRAPP and WEBBER, JJ., concur.