THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES R. COLLINS, Defendant-Appellant.

Fourth District   No. 4—90—0438

Opinion filed June 5, 1991.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

John B. Huschen, State's Attorney, of Eureka (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, James R. Collins, appeals a circuit court order which denied his motion to quash two aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(b)) indictments on the ground of double jeopardy. Defendant appeals pursuant to Supreme Court Rule 604(f) (134 Ill. 2d R. 604(f)). We affirm the circuit court's order, be-

cause trial of defendant on the charges contained in the indictments will not violate either his right to protection against double jeopardy or his right to compulsory joinder of related offenses.

On September 14, 1989, defendant was charged by information with one count of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(b)), which alleged he committed an act of sexual conduct with his daughter R.C. On September 27, 1989, an indictment was returned charging defendant with the same offense set forth in the information. Defendant was arraigned on this indictment on September 28, 1989. During the ensuing months, various other pretrial procedures, not pertinent to this appeal, took place.

On March 19, 1990, defendant was charged by information with three additional counts of aggravated criminal sexual abuse. These counts were docketed under the same case number, Woodford County case No. 89—CF—59, as the initial charge. Each of the additional counts alleged defendant performed the same act alleged in the initial count with a different daughter than R.C.

Defendant's jury trial commenced on the same date the informations containing the three additional counts were filed. At the beginning of the trial, defendant moved for a continuance based on the filing of the three additional counts on that date. The State's Attorney responded that if the court was inclined to grant a continuance, the State would move to nol-pros the three additional counts, but stated the counts would be refiled. The State's Attorney further asserted he did not intend to proceed with the three additional counts on that date. Thereupon, defendant's counsel stated he objected to the motion to nol-pros the additional counts. Defendant's counsel asserted all counts pending against defendant ought to be tried together, since they were part of the "same comprehensive transaction or common scheme."

The court sustained defendant's objection to the State's motion to nol-pros, but also denied defendant's motion to continue. The court indicated the trial would proceed on the charge contained in the indictment, i.e., the charge involving R.C. At that point, defendant's counsel renewed his motion to continue the cause and reiterated his position the charges against defendant should be tried together. Defendant's counsel stated he objected to the case being tried in a "piecemeal" fashion, and that "[a]ll of these counts *** are joined by virtue of the file." Defendant's counsel also stated denial of a continuance would severely prejudice defendant, and he believed it was in defendant's best interest to have the charges tried together. (The record reflects no ruling on defendant's renewed motion for continu-

ance.) Defendant's counsel also requested defendant be arraigned on the additional counts, but the court denied this request.

At the conclusion of the State's case in chief, defendant moved for a directed verdict as to the charge involving R.C. based on insufficiency of the evidence. The court denied this motion. Defendant also moved for a directed verdict as to the three additional charges. The State responded, "we're not proceeding to trial" on those charges, and the court took defendant's motion for a directed verdict as to those charges under advisement.

At the close of all of the evidence, the defendant moved for a directed verdict as to all counts. Defendant's counsel observed no evidence had been presented as to the three additional charges. The State's Attorney again asserted "we are not proceeding to trial" on the additional charges. In response to a question of the court, defense counsel said he thought his client was on trial for the three additional charges because (1) "[t]hey're filed in this case"; (2) there was no motion for severance; and (3) jeopardy had attached. The court responded by stating (1) there had been no arraignment nor had pleas been entered on the additional charges, and (2) the motion for a directed verdict as to those charges was still under advisement. (The record reflects no ruling on defendant's motion for a directed verdict as to the three additional charges.) The court denied the motion for a directed verdict with respect to the count contained in the indictment.

At the jury instructions conference, the court ruled the jury was not to be provided with verdict forms on the three additional charges. In so ruling, the court made the following comments:

"Well, the record should be clear, and it probably is not because there was no Motion to Sever, and the Court did not sever the charges in that the Court did not make a specific statement indicating that 'the charges are hereby severed.' However, the Court did indicate that we were proceeding on the True Bill of Indictment returned on September 27th, 1989. ***
***

*** And the jury was advised that we were proceeding on the True Bill of indictment returned in open court on September 27th, 1989. So although the words were probably inartful, the case has been in fact severed by the manner in which it's been tried."

At the conclusion of the trial, defendant was found not guilty of the charge involving R.C. Immediately thereafter, defendant waived arraignment on the three additional charges and entered pleas of not guilty to them.

On April 11, 1990, defendant was indicted on two of the charges contained in the three informations filed on the first day of his March 1990 trial. On the same date, defendant filed a motion to quash these indictments on the ground he had previously been placed in jeopardy with respect to the charges contained in them. This motion was supported by an affidavit of defendant in which he stated that at the time of his trial, he did not wish to sever or separate the additional charges from the initial charge, and it was "my desire to put all these charges behind me as soon as could possibly be done."

The court denied defendant's motion to quash in a written order entered June 7, 1990. In this order, the court stated:

"1. *** While the Court did not use the appropriate terms of art in expressing the severance of the counts, it is abundantly clear from the record that the charges against the Defendant were, in fact, severed by the Court *sua sponte*.

2. The Defendant was not arraigned on the additional charges on March 19, 1990, nor did the State produce any evidence on said charges.

3. The Court's frustration with the conduct of the State's Attorney in prosecution of this felony matter is demonstrated by the Court's erroneous ruling denying the State's Motion to [nol-pros] the additional counts before trial proceeded. A motion to [nol-pros] a charge must be allowed unless it is part of a vexatious or repetitious course of conduct directed against the Defendant. [Citation.] While the Court may have been angered by the State filing additional charges after several pre-trial conferences, it was nevertheless improper to refuse to allow the State's motion to [nol-pros] since there was no showing that the prosecution's actions were capriciously or vexatiously repetitious. [Citation.] ***

4. Notwithstanding the fact that the motion to [nol-pros] was not allowed it is abundantly clear from the record that Defendant was not tried on the charges filed on March 19, 1990, but was tried only on the charges filed on September 14, 1989. In fact, it was not until March 20, 1990, that bond was set on the additional charges and Defendant waived arraignment. If this is a case where Defendant was placed in jeopardy for the charges filed on March 19, 1990, it will be the epitome of form over substance."

In appealing the denial of his motion to quash, defendant asserts the two additional charges contained in the April 11, 1990, indictments, which were of a similar nature to the initial charge, were

properly filed in the same case, No. 89—CF—59, as the initial charge. Assuming the charges were improperly joined, defendant contends (1) he waived any improprieties in their joinder by not moving for a severance, and (2) the circuit court could not properly have granted a severance *sua sponte* under the facts of this case. Defendant further suggests the possible impropriety of the denial of the State's motion to nol-pros the additional counts is of no relevance to the issues before this court, because the State made no attempt to effect an interlocutory appeal of that order. Also, defendant asserts the fact there was no arraignment or plea as to the additional charges was not a bar to his being tried on those charges as well as on the charge contained in the initial indictment. Defendant further contends because all of the charges were filed under the same docket number, the State tacitly agreed the alleged offenses should be tried together, because they were part of a comprehensive transaction. Defendant maintains because he was tried on all of the charges, further proceedings as to any of them would violate his right to be free of double jeopardy and, thus, the circuit court should have quashed the indictments filed subsequent to his trial.

The State asserts the circuit court was without authority to deny and therefore erred in denying the State's motion to nol-pros the additional charges. The State argues there is no evidence that in this case the prosecutor had improper motives in moving to nol-pros the additional charges. The State contends since there was in fact no trial on the additional charges, they should be deemed nol-prossed.

The State further argues the additional charges were not pending at the time of defendant's trial, because the prosecutor stated he did not want to proceed with the trial of the additional charges on that date. The People contend the prosecutor's statements during trial, and the court's statement that trial would proceed only on the original charge, should be deemed the equivalent of a motion to sever the additional charges and a severance order. The State asserts severance of the additional charges would not have been an abuse of the circuit court's discretion, because a joint trial as to all of the charges could have prejudiced defendant.

The State additionally asserts no attempt was made to effect an interlocutory appeal of the denial of the State's motion to nol-pros the additional charges, because the prosecutor thought the charges had been severed. Also, the State argues the charges against defendant were not subject to compulsory joinder because they involved alleged offenses against separate victims. Finally, the State contends protections against double jeopardy would not be violated by separate trials

in this case, because evidence concerning the same act would not establish defendant committed each of the offenses with which he was charged.

At the outset, we question whether denial of a motion to nol-pros is an order from which an interlocutory appeal lies (see *People v. Woolsey* (1990), 139 Ill. 2d 157, 564 N.E.2d 764; 134 Ill. 2d R. 604(a)), and thus, the State could not have immediately appealed the orders denying its motions to nol-pros which the circuit court entered in this case. We conclude we have jurisdiction to consider in this appeal whether the circuit court properly denied the State's motion to nol-pros.

■ This court may affirm a final judgment on any basis appearing of record. In affirming a final judgment wholly favorable to the appellee, this court may hold the circuit court erred in entering an interlocutory order unfavorable to the appellee. Under these circumstances, it is not necessary for the appellee to appeal or attempt to appeal the interlocutory order. (See *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 457 N.E.2d 9.) Therefore, the State's failure to appeal the denials of its motions to nol-pros does not preclude us from considering the propriety of those orders in this opinion.

■ A trial court must allow the prosecutor's motion to nol-pros a charge, unless it is persuaded the action is capricious or vexatiously repetitious or allowance of the motion will prejudice the defendant. (*Woolsey*, 139 Ill. 2d 157, 564 N.E.2d 764.) If a charge is properly nol-prossed, it may be refiled so long as jeopardy did not previously attach with respect to the charge. *People v. Mooar* (1981), 92 Ill. App. 3d 852, 416 N.E.2d 81.

Traditionally, jeopardy was deemed to attach in a jury trial when a jury was impaneled and sworn, and in a nonjury trial when the court began to hear sworn evidence. (*People v. Shields* (1979), 76 Ill. 2d 543, 394 N.E.2d 1161; Ill. Rev. Stat. 1989, ch. 38, par. 3—4(a)(3).) In recent years, however, courts have moved away from a mechanical application of these principles. In cases where a dismissal order or finding of not guilty has been entered, courts now consider the substance of what occurred in the trial court in determining whether subsequent prosecution on the charge as to which such an order was entered would violate a defendant's right to be free of double jeopardy. (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10.) For instance, in *People v. Rudi* (1984), 103 Ill. 2d 216, 469 N.E.2d 580, cited by the State, the court (1) denied the State's request to nol-pros, (2) caused the defendant to be sworn, and (3) asked the prosecutor if he intended

to present any evidence or wanted to bring in a jury. Upon the prosecutor's failure to produce any evidence, the court found the defendant not guilty. The supreme court held the denial of the prosecutor's motion to nol-pros was an abuse of discretion. The court further held jeopardy did not attach in the proceedings following the denial of the motion to nol-pros, despite the finding of not guilty. The court stated the circuit court proceeding had none of the traditional characteristics of a trial, because (1) the prosecutor did not present any evidence but was instead trying to dismiss the case, (2) no factual issues were resolved in favor of the defendant, and (3) a prosecution witness was not sworn.

■■ On the basis of the above principles, it is apparent that in this case, the circuit court should have granted the prosecutor's motion to nol-pros the additional charges. The defendant alludes to no cognizable statutory or constitutional violations which would result from his being separately tried on the charges the prosecutor sought to nol-pros in this case. Moreover, under the holding of *Rudi*, jeopardy did not attach with respect to the additional charges. At the defendant's trial, no testimony directed to those charges was presented, and no factual issues were resolved with respect to those charges.

Contrary to defendant's contentions, he had no right to insist that all of the sexual abuse charges pending against him be tried at the same time, if the State desired otherwise. The statutory provision which confers upon defendants a right to compulsory joinder of related charges in some cases is section 3—3(b) of the Criminal Code of 1961. (Ill. Rev. Stat. 1989, ch. 38, par. 3—3(b).) Section 3—3 reads in its entirety:

"Multiple Prosecutions for Same Act. (a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately." (Ill. Rev. Stat. 1989, ch. 38, par. 3—3.)

The committee comments concerning this section, which were cited with approval by the supreme court in *People v. Mueller* (1985), 109

Ill. 2d 378, 488 N.E.2d 523, and *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246, state in pertinent part:

"Section 3—3 is not intended to cover the situation in which several offenses—either repeated violations of the same statutory provision or violations of different provisions—arise from a series of acts which are closely related with respect to the offender's single purpose or plan. Many possible combinations of this sort are possible, but some of the common instances are the multiple-assault or multiple-murder situation, as in the Ciucci case (also in People v. Stephens, 297 Ill. 91, 130 N.E. 459 (1921); and see Freeland v. People, 16 Ill. 380 (1855)—riot, and assault and battery committed during the riot); the theft of articles belonging to the same or different persons, in the same location and within a short space of time (as in People v. Mendelson, 264 Ill. 453, 106 N.E. 249 (1914); a robbery, burglary, kidnaping, or rape followed by the murder of the victim or another person to facilitate the escape or prevent the revealing of the offender's identity (as in People v. Andrae, 305 Ill. 530, 137 N.E. 496 (1922); People v. Stingley, 414 Ill. 398, 111 N.E.2d 548 (1953), *cert. denied* 345 U.S. 959, 73 S. Ct. 945, 97 L. Ed. 1379) ***." Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 102-03 (Smith-Hurd 1989).

The defendant's argument, he was entitled to have the charges tried together, confuses waiver of improper joinder with the right to compulsory joinder. As defendant correctly observes, improper joinder of charges may be waived (*e.g., People v. McKendrick* (1985), 138 Ill. App. 3d 1018, 486 N.E.2d 1297; *People v. Turner* (1976), 36 Ill. App. 3d 77, 343 N.E.2d 267); and the circuit court generally has no duty to sever charges *sua sponte*. (*E.g., People v. Lumpkin* (1982), 105 Ill. App. 3d 157, 433 N.E.2d 1369.) However, these principles are of no relevance to situations such as that here present, where the prosecutor has the option of trying the charges separately. Also, as noted by defendant, it is not absolutely necessary for there to be an arraignment or entry of a plea in order for a trial to result in a valid adjudication of guilt or innocence. (*E.g.,* Ill. Rev. Stat. 1989, ch. 38, par. 113—6; *People v. Laws* (1963), 29 Ill. 2d 221, 193 N.E.2d 806.) Furthermore, if probable cause has previously been found as to one of two or more alleged offenses which are premised on the same conduct or transaction, there need not be separate probable cause determinations as to the remaining offenses. (See Ill. Rev. Stat. 1989, ch. 38, par. 111—2(f); *People v. Redmond* (1977), 67 Ill. 2d 242, 367 N.E.2d 703; *People v. Kosyla* (1984), 129 Ill. App. 3d 685, 472 N.E.2d 1207.)

These principles do not, though, prevent the State from having charges tried separately in cases where separate trials are permissible.

■ The acts of sexual molestation of his children which defendant allegedly committed are all rather closely related. However, charges of sexual molestation involving different victims obviously are premised on different acts. For this reason, defendant had no right to have charges of sexual molestation involving different victims tried at the same time, if the State preferred to try the charges separately.

Contrary to defendant's contentions, there is nothing to support a holding that the filing of charges under the same docket number amounts to a tacit agreement by the State's Attorney such charges are to be tried together. The only authority cited by defendant in support of this assertion is section 111—4 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1989, ch. 38, par. 111—4.) That section does provide two or more offenses based on either the same act or on two or more acts which are part of the same comprehensive transaction may be charged in separate counts of the same indictment, information, or complaint. In this case, the additional charges were contained in different charging instruments than was the initial charge. Perhaps more importantly, section 111—4(a) does not preclude (1) the granting of motions to nol-pros less than all of the charges filed under the same docket number or (2) separate trials as to one or more of such charges.

The order of the circuit court which denied defendant's motion to quash bills of indictment is affirmed.

Affirmed.

SPITZ and GREEN, JJ., concur.