No. 3--07--0016

_____

Filed March 11, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) | No. 06--CF--356 |
| | ) | |
| MICHAEL DIGGINS, | ) | Honorable |
| | ) | Stephen Kouri, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the Opinion of the Court:
_____

The defendant, Michael Diggins, was convicted of aggravated unlawful use of weapons following a jury trial and was sentenced to a term of 30 months imprisonment.  On appeal, defendant maintains that the trial court erred: (1) in precluding defense counsel from arguing that the center console of the defendant's automobile was a "case" during closing arguments; (2) in instructing the jury that a center console is not a "case" under Illinois law; (3) in refusing defendant's proposed jury instruction defining aggravated unlawful use of weapons; (3) in refusing to allow defendant to argue that the laws of Florida and other states would allow defendant to transport guns and ammunition in the manner he was transporting them in Illinois;

and in finding defendant guilty beyond a reasonable doubt. Because we find the trial court erred in holding that the center console was not a case, we reverse and remand for a new trial.

Peoria police officers stopped defendant's vehicle for making a right turn without signaling on March 24, 2006. An officer asked the defendant for his license and proof of insurance. The defendant obtained his insurance card for the glove box and handed it to the officer. When the officer asked about defendant's driver's licence, defendant told the officer that defendant had a firearm owner's identification card. The officer asked the defendant if he had a gun, and defendant responded "Yes, I do." The defendant pointed to the center console of his vehicle and told the officer that there were two firearms in the console. The officer then told the defendant not to reach in the console and he and his partner handcuffed defendant and defendant's passenger and removed them from the vehicle.

One officer then entered the vehicle and observed that the lid on the center console was raised and that a key was inside the lock of the console. The officer lifted the console lid further and observed two handguns, a chrome revolver and a semi-automatic pistol. The officer also observed six rounds of .357 ammunition and a magazine loaded with .45 ammuntion. On cross-examination, the officer confirmed that the lid of the console

2

was open and that the key was in the locking mechanism of the console.

The defendant and his passenger each testified that the center console was locked and the keys thereto were kept in the glove box of the car. Both described the center console as being a fully enclosed space between the driver and the passenger in the front seat of the vehicle.

Prior to trial, the court granted the People's motion in limine to prohibit any argument that the defendant was a resident of Florida and that the laws pertaining to the transportation of firearms was different in Florida and in every state between Florida and Illinois.

At the close of all the evidence, defense counsel sought a jury instruction, based upon section 24-1.9 of the Illinois Criminal Code (720 ILCS 5/24-1.6 (West 2004)), to instruct the jury that under Illinois law a person is not guilty of aggravated unlawful use of weapons if the weapons are enclosed in a "case, firearm carrying box, shipping box, or other container" by a person who has been issued a currently valid Firearm Owner's Identification Card (FOID card). The record was un-controverted that the defendant had a current valid FOID card, and that the weapons were unloaded.

The trial judge denied the jury instruction sought by the defendant.

On the People's motion, the defendant was prohibited from making arguments during closing argument that the location in which the officers found the firearms was a "case" or "other container" under section 24-1.6. During the People's closing argument, the prosecutor argued that the center console was not a "case."

During deliberations, the jury queried the trial judge, asking "what is the legal definition of a case?" Over defense objection, the trial judge to the jury that a center console was not a "case" under Illinois law. The jury then quickly returned a guilty verdict.

Defendant maintains on appeal that the trial court erred when it refused to allow him to argue and establish that the center console of his car was a "case" under an exception to the unlawful use of weapons statute. The question presented concerns the construction and application of a statute to undisputed facts and therefore raises a question of law. A question of law is considered de novo. People v. Stanitz, 367 Ill. App. 3d 3d 980 (2006).

Section 24-1.6 of the Illinois Criminal Code mandated that a person is not guilty of aggravated unlawful use of a weapon if that weapon is "unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been

4

issued a currently valid Firearm Owner's Identification Card." 720 ILCS 5/24-1.6 (West 2004).

In the instant matter, the uncontested testimony revealed that the defendant owned the weapons, and the weapons were stored in the center console and were unloaded. The defendant provided a valid FOID card to the arresting officer. Thus, the only question remaining was whether the center console constituted a "case" under the statute.

In People v. Cameron, 336 Ill. App. 3d 548 (2002), the Fourth District of this court affirmed a trial court's ruling that a glove compartment of the defendant's car was not a "case" or "other container" under section 24-1.6. According to the Cameron court:

> "Under the doctrine of ejusdem generis, when
> a statutory clause specifically describes
> several classes of things and then includes
> "other things," the word "other" is
> interpreted as meaning 'other such like.'" *
> * * People v. Davis, 199 Ill.2d 130, 138
> (1998). * * * Applying the doctrine of
> ejusdem generis and strictly construing the
> container exemption, we determine that a
> vehicle's glove compartment is not an "other
> container" under the container exemption. A

5

glove compartment is fundamentally different
from a case, firearm carrying box, or
shipping box because those receptacles are
portable whereas a glove compartment is a
fixed area in the dashboard of a vehicle.
Therefore, a glove compartment is not an
"other container" similar to the ones
enumerated in the container exemption."
Cameron, 336 Ill. App. 3d at 548.

The Cameron court focuses its analysis on the fact that carrying boxes and shipping boxes are portable.  However, there is nothing in the plain meaning of the word "case" "firearm carrying box," "shipping box" or "other container" which when considered together indicate that the legislature intended the statutory exemption to apply only to portable carrying devices. There is nothing in the plain meaning of the statute to indicate a limitation on the definition of a case.  The statute does not say "portable" case, firearm box, shipping box or other container.

If the legislature intended the word "case" to be limited to portable containers, it would have stated so in the statute. For example, in the Illinois Wildlife Code (520 ILCS 5) the legislature defined "case" for the purposes of describing a container used to contain a weapon as:

6

"Case. Case means a container specifically designed for the purpose of housing a gun or bow and arrow device which completely encloses such gun or bow and arrow device by being zipped, snapped, buckled, tied or otherwise fastened with no portion of the gun or bow and arrow device exposed."  520 ILCS 5/1.2b-1 (West 2004).

When the legislature intended for the word "case" to have a special meaning, as in the Wildlife Code, it wrote that special meaning into the statute.  In the Criminal Code, at issue in the instant matter, there is no special meaning attached to the word "case."  The omission of a special meaning indicates that the term is to have its ordinary meaning. People v. Smythe, 352 Ill. App. 3d 1056, 1059 (2004).

Webster's dictionary defines the term "case" as "a box or receptacle to contain or hold something."  Webster's Third New International Dictionary 346 (1986).  Further, the statute requires that the weapon be "enclosed" in a "case."  To "enclose" means "to envelop" (Webster's Third New International Dictionary 746 (1986) and to "envelop" means "to enclose completely within a garment or other covering" (Webster's Third New International Dictionary 759 (1986).  Thus, as the court noted in Smythe, "given the plain meaning of term in light of all the relevant

7

provisions of the statute, it is evident that the term "case" refers to an item that completely encloses the weapon in a firearm carrying box, shipping box, or other container." Smythe, 352 Ill. App. 3d at 1059.

We note that the court in Smythe referred to the legislative history of this provision of the criminal code, wherein the sponsoring legislator referred to the Wildlife Code as his understanding of the meaning of the word "case" in Criminal Code. See, Smythe, 352 Ill. App. At 1060. However, we would not resort to legislative history, as we find the common definition of the term is sufficient and unambiguous. Where the term is clear and unambiguous, there is no need to resort to legislative history for clarification. See, People v. Hicks, 164 Ill.2d 218, 222 (1995).

Moreover, we see no logical reason to distinguish between portable and fixed containers, as the court did in Cameron, Under the analysis articulated in Cameron, the defendant could not keep his unloaded weapon locked in a fixed area such as a glove box or center console, yet he could keep the weapon in a duffel bag anywhere in the vehicle. The law is well established that "statutes are to be construed in a manner that avoids absurd or unjust results." People v. Hanna, 207 Ill. App. 486 (2003). Allowing drivers to hide weapons anywhere in the vehicle, so long as the case is portable, while prohibiting the storage of such

8

weapon in a glove box or center console absurd, illogical and unjust.

The People submit that People v. Williams, 368 Ill. App. 3d 616 (2006) is on point. The Williams court, relying in part upon Cameron held that a zippered compartment that was attached to the back of the driver's seat was not a case under the statute at issue. Since Williams relies upon Cameron, and we decline to follow Cameron, we also decline to follow Williams.

Having determined that the center console is a case as intended by the legislature in providing exceptions to the aggravated unlawful use of weapons statute, we must now determine the practical effect of the trial court's error in holding otherwise. First, we find the jury was improperly instructed as to the statutory exception. The defendant proposed instructing the jury on the exception for FOID card holders carrying firearms unloaded and cased. The defendant proposed the following instruction:

> "A person commits the offense of Aggravated
> Unlawful Use of Weapons when he knowingly
> possesses an uncased and unloaded firearm
> with the ammunition immediately accessible,
> in a vehicle except when on his land, in his
> abode, or in his fixed place of business. A
> person does not commit the offense where the

9

transportation or possession of a weapon that
is not immediately accessible or is unloaded
and enclosed in a case, firearm carrying box,
shipping box, or other container, when that
person has a currently valid firearms owner's
identification card."

A trial court's refusal to issue a specific instruction is reviewed under an abuse of discretion standard of review. People v. Douglas, 362 Ill. App. 3d 65 (2005). We find the trial court abused its discretion in not giving this instruction. "Where an instruction is given in the language of a statute which is pertinent to the issues it must be regarded as sufficient. Laying down the law in the words of the law itself ought not be pronounced as error." Deming v. City of Chicago, 321 Ill. 341, 345 (1948).

As it was error to instruct the jury without reference to the container exception, it was also error not to permit the defendant to argue in his closing argument that the console fit within the legislative exception for encased weapons. These errors require the matter to be reversed and remanded for a new trial.

Prior to remand, we must address the defendants contention that he was not proven guilty of the offense beyond a reasonable doubt. Where the sufficiency of the evidence is challenged on

appeal, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. People v. Collins, 106 Ill.2d 237 (1985).

Here, taking the evidence in the light most favorable to the prosecution, evidence was presented which, when taken in the light most favorable to the prosecution, would have shown that the console was open. Thus, even if the jury had been properly instructed as to the console being a case, it is possible that the jury could have found that the console was open, thus making the statutory exception inapplicable. Such factual question precludes our finding that the defendant was not proven guilty beyond a reasonable doubt. We must therefore remand for a new trial.

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and the matter is remanded for a new trial consistent with this decision.

Reversed and remanded.

SCHMIDT and O'BRIEN, JJ., concur.