NO. 4-08-0184        Filed 12/19/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|      Plaintiff-Appellant, | ) | Circuit Court of |
|      v. | ) | Adams County |
| DAVID M. LEEZER, | ) | No. 07CM159 |
|      Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | William O. Mays, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

In March 2007, the State charged defendant, David M. Leezer, with violating an order of protection (720 ILCS 5/12-30 (West 2006)) for coming within 1,000 feet of Brandy Huber's residence. Following a November 2007 conviction, the trial court granted defendant's motion for judgment n.o.v.

The State appeals, arguing the stay-away provision of the order of protection precluded defendant from entering a 1,000-foot radius of Brandy's home. We reverse.

I. BACKGROUND

In November 2006, the trial court issued an order of protection against defendant, which required him to stay 1,000 feet away from Brandy's residence. The preprinted order-of-protection form was created by the Conference of Chief Circuit Judges. Section 2 of Part A of the form coincides with section 214(b)(3), the "stay away" provision, of the Illinois Domestic

Violence Act of 1986 (Act).  750 ILCS 60/101 through 401 (West 2006).  Within the stay-away portion of the form, subpart (a) deals with the person, subpart (b) deals with the residence, subpart (c) deals with communication, and subpart (d) deals with buildings, such as place of employment and school, that defendant is banned from while Brandy is present.

In February 2007, Brandy left her house around 10 a.m. to take her infant daughter to a doctor's appointment.  At an intersection near her house, Brandy noticed defendant's truck parked in an alley.  While deciding whether to call the police, she made several turns and again met defendant on the road.  According to Brandy's testimony, at the second meeting, defendant made eye contact and "he actually waved to me and grinned."  Brandy did not call police because she was late for the appointment.  Instead, she called her friend, Gary Farha, who was the first assistant State's Attorney.  Farha drove past Brandy's house to see if defendant was there.  Satisfied defendant was not at Brandy's house, Farha continued driving through her neighborhood.  While stopped at an intersection, Farha saw defendant approaching from an adjacent road with his turn signal on, indicating he intended to turn onto the street on which Farha was stopped.  The two made eye contact, and defendant discontinued the turn and accelerated past Farha.

In March 2007, the State charged defendant with violat-

ing an order of protection, and a November 2007 jury trial followed. At the close of the State's case, defendant moved for a directed verdict, which the court denied. The jury returned a guilty verdict. Defendant filed a motion for judgment n.o.v., which the court later granted.

This appeal followed.

## II. ANALYSIS

### A. Jurisdiction and Double Jeopardy

Initially, we address this court's jurisdiction because the State appeals the granting of defendant's motion for judgment n.o.v. According to Supreme Court Rule 604(a)(1), "[i]n criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *** arresting judgment because of a defective indictment, information[,] or complaint." 210 Ill. 2d R. 604(a)(1); People v. Taylor, 50 Ill. 2d 136, 138, 277 N.E.2d 878, 880 (1971). The State may not appeal a motion for judgment n.o.v. as it is given the same weight as a directed verdict and is essentially an acquittal providing relief on the insufficiency-of-the-evidence ground. People v. Van Cleve, 89 Ill. 2d 298, 303, 432 N.E.2d 837, 839 (1982). An acquittal occurs when the judge's ruling, regardless of its label, actually resolves some factual elements of the offense in defendant's favor. People v. Wallerstedt, 77 Ill. App. 3d 677, 680, 396 N.E.2d 568, 570 (1979).

- 3 -

In this case, the State's appeal is proper because the substance of defendant's motion for judgment n.o.v. amounted to a motion in arrest of judgment (725 ILCS 5/116-2 (West 2006)). Defendant's motion attacked the sufficiency of the charge in the information, not the sufficiency of the evidence. Further, the trial judge's order granting the motion did not resolve any factual elements of the crime. For these reasons, we consider defendant's motion a motion in arrest of judgment from which the State properly appealed. Both the State and defendant concede this point in their briefs.

Additionally, the State's appeal does not pose a double-jeopardy threat to defendant. Traditionally, jeopardy attached when a jury was impaneled and sworn, or in a bench trial, when the court began to hear evidence. People v. Shields, 76 Ill. 2d 543, 546, 394 N.E.2d 1161, 1163 (1979). However, the rules of jeopardy attachment should not be applied mechanically when the interests the principle protects are not threatened. People v. Rudi, 103 Ill. 2d 216, 223, 469 N.E.2d 580, 583-84 (1984); People v. Collins, 214 Ill. App. 3d 98, 104, 573 N.E.2d 346, 350 (1991). The words "not guilty" are not controlling for purposes of double jeopardy, and what qualifies as an acquittal - is not determined by the form of the judge's action or the name he assigns it. Rudi, 103 Ill. 2d at 223-24, 469 N.E.2d at 584. "Double jeopardy does not attach when a cause is discharged on a

motion in arrest of judgment, since jeopardy claims are waived by the filing of the motion." People v. Kleiss, 90 Ill. App. 3d 53, 54, 412 N.E.2d 39, 40 (1980), citing People v. Beauchemin, 71 Ill. App. 3d 102, 109, 389 N.E.2d 580, 586 (1979). Here, defendant waived any claim of double jeopardy when he attacked the sufficiency of the State's charge against him.

B. Standard of Review and Statutory Construction

An appellate court reviews issues of statutory interpretation de novo. People v. Olsson, 335 Ill. App. 3d 372, 374, 780 N.E.2d 816, 818 (2002).

When construing a statute, a reviewing court must "ascertain and give effect to legislative intent." People v. Perry, 224 Ill. 2d 312, 323, 864 N.E.2d 196, 204 (2007). The language of the statute best indicates legislative intent, and the language should be given its plain and ordinary meaning. Perry, 224 Ill. 2d at 323, 864 N.E.2d at 204. To determine the plain meaning of the language, we read all statutory provisions together and consider the purpose of the legislature in enacting the statute. Perry, 224 Ill. 2d at 323, 864 N.E.2d at 204.

C. The Domestic Violence Act

The Act shall be construed liberally to promote its purpose (Olsson, 335 Ill. App. 3d 374-75, 780 N.E.2d at 818), which is to promote safe and healthy families, as demonstrated by the following statutory language:

- 5 -

"[D]omestic violence [is] a serious crime against the individual and society which produces family disharmony in thousands of Illinois families, promotes a pattern of escalating violence which frequently culminates in intra-family homicide, and creates an emotional atmosphere that is not conducive to healthy childhood development." 750 ILCS 60/102(1) (West 2006).

The Act is intended to "reduce the abuser's access to the victim *** so that victims are not trapped in abusive situations by fear of retaliation *** or loss of accessible housing" (750 ILCS 60/102(4) (West 2006)) and to expand the victim's criminal remedies to effect physical separation from the abuser (750 ILCS 60/102(6) (West 2006)).

### D. Defendant's Claim That His Actions Did Not Violate the Criminal Code

In this case, the State claims defendant violated a valid order of protection provision requiring him to stay 1,000 feet away from Brandy's residence. Defendant claims the State failed to state a valid charge because driving within 1,000 feet of Brandy's residence did not violate the criminal code. We agree with the State that defendant is criminally liable for violating a valid order of protection.

The Criminal Code of 1961 (Code) provides a person

- 6 -

commits a violation of an order of protection if:

> "(1) He or she commits an act which was
> prohibited by a court or fails to commit an
> act which was ordered by a court in violation
> of:
>
>> (i) a remedy in a valid order
>> of protection authorized under
>> paragraph[] *** (3), *** of subsec-
>> tion (b) of [s]ection 214 of the
>> [Act]."  720 ILCS 5/12-30(a)(1)(i)
>> (West 2006).

The Act provides "[r]emedies set forth in pre[]printed form orders shall be numbered consistently with and corresponding to the numerical sequence of remedies listed in [s]ection 214."  750 ILCS 60/221(a)(1) (West 2006).  Paragraph (3) of subsection (b) is the remedy applicable to this case, and it states as follows:

> "Order respondent to <u>stay</u> <u>away</u> <u>from</u>
> <u>petitioner</u> or any other person protected by
> the order of protection, or prohibit respon-
> dent from entering or remaining present at
> petitioner's school, place of employment, or
> other specified places at times when peti-
> tioner is present, or both, if reasonable,
> given the balance of hardships.  ***

- 7 -

If an order of protection grants petitioner exclusive possession of the residence, or prohibits respondent from entering the residence, or orders respondent to stay away from petitioner or other protected persons, then the court may allow respondent access to the residence to remove [personal] items." (Emphasis added.) 750 ILCS 60/214(b)(3) (West 2006).

The State argues the section 214(b)(3) stay-away- from-petitioner provision includes Brandy's residence. Defendant contends the paragraph (3) remedies do not apply to this case because the information alleges defendant was within 1,000 feet of Brandy's residence, not Brandy's person. We agree the section 214(b)(3) stay-away-from-petitioner provision applies equally to Brandy and her residence as both are selected on the order of protection.

We addressed a similar challenge to a criminal violation of an order of protection in Olsson, 335 Ill. App. 3d at 372, 780 N.E.2d at 816. In Olsson, a preprinted form directed the defendant to "stay away from" the victim and "not communicate directly or indirectly with persons protected under this [o]rder, whether in person, by telephone, written notes, mail[,] or through third parties." Olsson, 335 Ill. App. 3d at 373, 780

- 8 -

N.E.2d at 817. Although paragraph (3) of section 214(b) did not expressly address telephone contact, we concluded the Act proscribed this conduct when it specifically prohibited it in an order of protection. In so concluding, we interpreted the Act as the legislature instructed us to do, and determined stay-away orders may prohibit a variety of contact, including nonphysical contact, when it threatens the purpose of the Act. Olsson, 335 Ill. App. 3d at 375, 780 N.E.2d at 819.

Here, defendant makes the same argument as the defendant in Olsson. We decline defendant's invitation to depart from our rationale in Olsson.

Defendant also argues the form order does not modify the statute and thus cannot provide the basis for a criminal conviction. While we acknowledge a preprinted form created by the court does not have the same authority as legislation, "the [Code] incorporates by reference a trial court's order as an element of the offense. In essence, the trial court's order becomes a part of the statutory language defining the offense of violating an order of protection." People v. Davit, 366 Ill. App. 3d 522, 527, 851 N.E.2d 924, 928 (2006). Further, the legislature instructed the judiciary to carry out its intent when construing the Act. The Conference of Chief Circuit Judges did so by creating the form used in this case. Section 2 of Part A of the form coincides with section 214(b)(3), the stay-away

provision of the Act. Within the stay-away portion of the form, subpart (a) deals with the person, subpart (b) deals with the residence, subpart (c) deals with communication, and subpart (d) deals with buildings, such as place of employment and school, that defendant is banned from while Brandy is present. The format the Chief Circuit Judges chose indicates the intent to include "residence" in the section 214 stay-away provision at the election of petitioner, an option Brandy chose. We find by limiting defendant's proximity to Brandy's residence, the form carries out the legislature's intent of reducing defendant's access to Brandy.

The State argues a Brandy's residence is qualitatively different from a school, workplace, or other similar places. On the other hand, defendant contends if Brandy sought to keep defendant 1,000 feet from her residence, the appropriate remedy was subpart (d), which provides a line to write in locations other than school or the workplace. We agree with the State a residence is distinguishable from the types of buildings subpart (d) encompasses and thus warrants a separate category. The Act's language provides support for this conclusion.

As the State points out, under the doctrine of ejusdem generis, we read "other things" to include other similar things. People v. Diggins, 379 Ill. App. 3d 994, 996, 888 N.E.2d 129, 132-33 (2008). The first paragraph of section 214(b)(3) orders

defendant to stay away from Brandy or, when Brandy is present, "prohibit[s] respondent [(defendant)] from entering or remaining present at petitioner's [(Brandy's)] school, place of employment, or other specified places." 750 ILCS 60/214(b)(3) (West 2006). A residence is a personal space afforded more privacy and sanctity than public venues such as schools and office buildings. In the context of domestic violence, the residence is especially significant as intrafamily abuse often occurs inside the privacy of the home. Further, subpart (d) remedies apply only when Brandy is present, which creates the risk of Brandy encountering the abuser when Brandy is traveling to and from the residence. For these reasons, we do not find the legislature intended the residence to be considered an "other specified place" from which defendant could be banned only when Brandy was present.

Instead, we read the second paragraph of section 214(b)(3) to include the residence within the stay-away provision. 750 ILCS 60/214(b)(3) (West 2006). The second paragraph states "[i]f an order of protection grants petitioner exclusive possession of the residence, or prohibits respondent from entering the residence, or orders respondent to stay away from petitioner or other protected persons, then the court may allow respondent access to the residence to remove [personal] items." 750 ILCS 60/214(b)(3) (West 2006). Thus, defendant needs court approval to enter the household to retrieve personal items if the

order of protection requires defendant to stay away from Brandy. Court approval is necessary even if the order does not grant Brandy exclusive possession of the residence or specifically prohibit defendant from entering the residence. The form used in this case reflects this interpretation as it provides two distinct spaces for specifying the distance from Brandy and the distance from Brandy's residence. Four years have passed since the order-of-protection form in this case became effective, and the legislature has not amended the Act in reaction to it. We conclude the order of protection correctly extended the stay-away provision to the residence.

Given the legislative intent--the alleviation of fear of losing accessible housing (750 ILCS 60/102(4) West 2006)) and the expansion of the victim's criminal remedies to effect physical separation from the abuser (750 ILCS 60/102(6) (West 2006))-- defendant's violation of the order of protection warrants criminal liability in this case.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings not inconsistent with this order.

Reversed and remanded with directions.

McCULLOUGH, P.J., concurs.

STEIGMANN, J., dissents.

- 12 -

JUSTICE STEIGMANN, dissenting:

Although I agree with the substance of the majority's opinion, I do not agree that this court has jurisdiction to reach the merits.

Defendant was convicted by a jury of violating an order of protection. Thereafter, he filed a motion for judgment n.o.v., which the trial court granted. It is that ruling that the State purports to challenge in this appeal.

Supreme Court Rule 604(a)(1) (210 Ill. 2d R. 604(a)(1)) sets forth the limited circumstances in which the State may appeal in a criminal case. The only one that arguably could apply here is the State's appeal from an order "arresting judgment because of a defective indictment, information[,] or complaint." 210 Ill. 2d R. 604(a)(1). (See section 116-2 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-2 (West 2006)), defining motions in arrest of judgment.) Rule 604(a)(1) says nothing about appeals from the granting of a defendant's motion for judgment n.o.v., which is closely akin to a defendant's motion for a directed verdict at the close of the State's case.

In this case, defendant made a motion for directed verdict at the close of the State's case based upon the same grounds he later asserted in his motion for a judgment n.o.v. Had the trial court granted defendant's motion for directed

- 14 -

verdict, I do not believe the State could have appealed that ruling no matter what reason the trial court gave for making it.

This same analysis should apply to defendant's motion for judgment n.o.v.  Although the trial court may have explained its ruling by noting that, in the court's opinion, the charge failed for technical reasons to state a crime, that explanation does not trump the essential fact that the court's granting of either a motion for directed verdict or a motion for judgment n.o.v. constitutes an acquittal.

Another way of looking at this situation is to note that when the trial court granted the motion for judgment n.o.v., it did not need to provide any explanation.  Had it not done so and instead simply said, "Motion granted," the State would be hard pressed to come up with any colorable argument justifying an appeal from that ruling.  That the trial court here chose to explain its ruling cannot serve as a basis upon which this court can assert jurisdiction that it would not otherwise possess.