SECOND DIVISION
May 29, 2007

No. 1-04-1937

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| Odell Fort, | ) | Honorable |
| | ) | William G. Lacy, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

The trial judge convicted defendant, Odell Fort, of possession of a controlled substance and sentenced him to 30 months' imprisonment. Defendant does not challenge the conviction or the sentence. He does raise issues concerning other orders that flowed from the conviction.

Defendant contends: (1) it was error to impose a $500 assessment without first determining whether he had the ability to pay it; (2) he was entitled to a credit against the assessment based on the days he spent in custody before sentencing; (3) the statute mandating a $5 fee for deposit in the Spinal Cord Injury Paralysis Cure Research Trust Fund is unconstitutional; and (4) the compulsory extraction of his blood and perpetual storage of his DNA violate his fourth amendment right to be free from unreasonable searches and seizures.

We agree defendant is entitled to the credit against the assessment.  We reject his other contentions.

FACTS

Since defendant does not challenge his conviction there is no need to go into facts that led to it.  Suffice it to say a police officer saw him throw six baggies into a garbage can and the baggies were found to contain crack cocaine.

At the sentencing hearing, after reviewing the presentence investigation report and hearing arguments of counsel, the trial court sentenced defendant to 30 months' imprisonment.  The court noted defendant spent 37 days in custody before the conviction, but did not credit those days against the assessment.

A form in the record lists the "fines, fees, assessments, penalties, and reimbursements" imposed by the court on defendant.  They total $1,224.  The following boxes are marked on the form:

"<u>Costs and Fees</u>

Felony Complaint Filed-Clerk***     $190

Felony Complaint Conviction-
State's Attorney***                  $60

Preliminary Hearing- State's
Attorney***                          $20

***

State DNA ID System***               $200

> Violent Crime Victim Assistance*** $20
>
> Criminal/Traffic Conviction
>
> Surcharge-Additional Penalty*** $4
>
> Automation-Clerk*** $5
>
> Document Storage-Clerk*** $5
>
> Court Services-Sheriff*** $15
>
> ***

Controlled Substance/ Cannabis/ Hypodermic Needles Offenses

> ***
>
> Assessment Controlled Substance*** $500
>
> ***
>
> Crime Lab Drug Analysis-Northern*** $100
>
> Trauma Fund*** $100
>
> Trauma Fund Spinal Cord*** $5
>
> ***
>
> TOTAL*** $1224"

DECISION

I. The Drug Assessment

Defendant was ordered to pay the $500 assessment pursuant to section 411.2(a)(3) of the Illinois Controlled Substances Act (Act). 720 ILCS 570/411.2(a)(3) (West 2002). He makes two claims concerning the assessment.

First, he contends the assessment really is a fine and should not have been imposed without a finding of his ability to pay it as required by section 5-9-1(d) of the Unified Code of Corrections (Code) (730 ILCS 5/5-9-1(d) (West 2002)). Section 5-9-1(d) provides:

> "In determining the amount and method of payment of a fine, *** the court shall consider:
>
> > (1) The financial resources and future ability of the offender to pay the fine." 730 ILCS 5/5-9-1(d) (West 2002).

Second, he contends section 110-14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14 (West 2002)) entitles him to a $185 credit against the drug assessment because of the 37 days he spent in presentence incarceration. Section 110-14 provides:

> "(a) Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. ***" 725 ILCS 5/110-14 (West

4

1-04-1937

2002).

To resolve the issues raised by defendant we first must determine whether the legislature intended the assessment to be a fine, that is, a pecuniary punishment imposed as part of a sentence, or something else, like a fee or court cost, which is a charge taxed by a court, compensatory in nature. People v. Elizalde, 344 Ill. App. 3d 678, 682, 800 N.E.2d 339 (2003); People v. Littlejohn, 338 Ill. App. 3d 281, 283, 788 N.E.2d 339 (2003). If it is a fine, defendant is entitled to the $185 setoff.

Contrary to the State's contention, the credit issue was not forfeited by defendant's failure to raise it at sentencing or in a post-sentencing motion. The normal rules of forfeiture do not apply to a sentence credit request. A defendant has the right to raise it for the first time on appeal. People v. Woodward, 175 Ill. 2d 435, 457, 677 N.E.2d 935 (1997).

That brings us to the tricky thicket of statutory interpretation. First and foremost, we must ascertain and give purpose to the legislature's intent. People v. Ward, 215 Ill. 2d 317, 324, 830 N.E.2d 556 (2005). We first look to the language of the statute we are attempting to construe. Castaneda v. Illinois Human Rights Comm'n, 132 Ill. 2d 304, 318, 547 N.E.2d 437 (1989). The best indication of legislative intent is the

5

1-04-1937

"plain and ordinary meaning of the language used." <u>Littlejohn</u>, 338 Ill. App. 3d at 284. We are permitted "to turn to a dictionary when determining the meaning of an otherwise undefined word or phrase." <u>People v. Skillom</u>, No. 1-04-0627, slip op. at 12, (October 21, 2005), citing <u>Ward</u>, 215 Ill. 2d at 325.

There are times when courts cannot determine the meaning of a statute by examining its plain language or when the statute is capable of being understood by reasonably well-informed persons in two or more different senses, thus creating statutory ambiguity. <u>People v. Purcell</u>, 201 Ill. 2d 542, 549, 778 N.E.2d 695 (2002). Where ambiguity is present, we are allowed to resolve the statute's ambiguity by considering its legislative history and debates, and by examining the statute's purposes and underlying policies. <u>Advincula v. United Blood Services</u>, 176 Ill. 2d 1, 19, 678 N.E.2d 1009 (1997).

The word that commands our attention is "assessment," as used in section 411.2. Section 411.2(a) provides: "Every person convicted of a violation of this Act [Illinois Controlled Substances Act], *** shall be assessed for each offense a sum fixed at: **** (4) $500 for a class 3 or class 4 felony." 720 ILCS 570/411.2(a) (West 2002).

Section 411.2 makes no reference to the sentence credit provisions of section 110-14. Nor does it contain any

6

requirement that the trial judge consider a defendant's ability to pay the assessment. It does contain provisions for defendants to reduce or suspend payment of the assessment by entering community service (subsection (e)) or entering an approved substance abuse intervention or treatment program (subsection (f)). 720 ILCS 570/411.2(e), (f) (West 2002). The assessments collected are used for alcohol and drug treatment and care programs, State and Cook County.

The State, pointing to the wording and placement of section 411.2, contends the assessment is something other than a fine, making incarceration credits and inquiries into ability to pay inapplicable.

Several courts from other appellate districts have decided the credit issue. They represent a shutout against the State. No reported decision supports the State's position. We summarize the relevant decisions:

(1) Second Appellate District: People v. Rodriguez, 276 Ill. App. 3d 33, 41, 657 N.E.2d 699 (1995) (A defendant is entitled to a $5-a-day credit for each day incarcerated on a bailable offense when he does not supply bail, "and this credit is applicable to a statutory drug offense assessment."); People v. Otero, 263 Ill. App. 3d 282, 288, 635 N.E.2d 1073 (1994) ($5 per day credit may be applied against either the $2,000 statutory assessment or the

1-04-1937

street value fine, but not both);

(2) Third Appellate District: Littlejohn, 338 Ill. App. 3d at 284 ("Pursuant to section 110-14, the defendant should be awarded a credit of $1,360 against his drug assessment fines, his street-value fines, the trauma center fine and the crime stoppers fine."); People v. Gathing, 334 Ill. App. 3d 617, 620, 778 N.E.2d 215 (2002) (The mandatory drug assessment "is in the nature of a fine and is properly offset by the presentence credit created by section 110-14 of the Code."); People v. Reed, 255 Ill. App. 3d 949, 951, 627 N.E.2d 729 (1994) (The $5-a-day credit for each day incarcerated on a bailable offense when defendant did not supply bail is applicable to a street value fine "and to a statutory drug offense assessment."); People v. Brown, 242 Ill. App. 3d 465, 466, 610 N.E.2d 776 (1993) (Defendant's "$5-per-day credit for pretrial incarceration which is allowed by section 110-14 should have been used to offset his $500 assessment.");

(3) Fifth Appellate District: People v. Haycraft, 349 Ill. App. 3d 416, 430, 811 N.E.2d 747 (2004) (The $5-per-day credit "may be applied against either the statutory assessment or the street value fine, but not both.").

The First and Fourth appellate districts have not yet spoken on the sentence credit issue. Defendant relies primarily on Gathing. The state contends Gathing and all the other cases

8

cited above were wrongly decided.

Admittedly, the cases do not contain in-depth analysis of legislative intent. Gathing relies on two points. The first is Black's Law Dictionary definitions of "assessment"--"[i]mposition of something, such as a tax or fine, according to an established rate"--and "fine"--"[a] pecuniary criminal punishment or civil penalty payable to the public treasury." Gathing, 334 Ill. App. 3d at 620, citing Black's Law Dictionary 111 and 647 (7th ed. 1999). The second point relied on in Gathing is that payment of the assessment is to a special treatment fund "within the State Treasury." Gathing, 334 Ill. App. 3d at 620.

Brown supplies another reason for holding the credit applies: "Had the legislature clearly intended to exclude section 411.2 from such credits, the legislature could have specifically made such an exclusion." Brown, 242 Ill. App. 3d at 466.

We would add that the legislature has demonstrated it knows how to make the $5-per-day credit inapplicable to a special fund. It did so in 1985 when it amended the Violent Crime Victims Assistance Act to provide fines imposed for certain listed offenses are "not subjected to the provisions of section 110-14 of the Code of Criminal Procedure of 1963***" (Ill. Rev. Stat. 1985, ch. 70, par. 510(b)). See People v. Hare, 119 Ill. 2d 441, 449-50, 519 N.E.2d 879 (1988).

We decline the State's invitation to reject the consistent line of appellate decisions that allow the sentence credit against the drug assessment.

We are instructed:

> "one district of the State appellate court is not always bound to follow the decisions of other districts, although there may be compelling reasons to do so when dealing with similar facts or circumstances. [Citation.] Otherwise, such decisions have only persuasive value for the appellate court." In re May 1991 Will County Grand Jury, 152 Ill. 2d 381, 398, 604 N.E.2d 929 (1992).

We are persuaded.

A strong case can be made that section 411.2 is ambiguous on the question of fine versus fee. It is in a section separate from the fines provision for convictions under the Controlled Substances Act (720 ILCS 570/411.1 (West 2002)). Section 411.2 does not use the word "fine," and subsection (b) reads: "The assessment under this section is in addition to and not in lieu of any fines, restitution costs, forfeitures or other assessments authorized or required by law." (Emphasis added.) 720 ILCS 570/411.2(b) (West 2002). Still, in subsection (f) the statute

refers to the assessment as a "penalty" ("The court shall not reduce the penalty under this subsection unless \*\*\*") and concludes: "Nothing in this section shall be deemed to affect or suspend any other fines, restitution costs, forfeitures or assessments imposed under this or any other Act."  (Emphasis added.)  720 ILCS 570/411.2(f) (West 2002).

Assuming the existence of ambiguity, we believe there are two sound reasons for adopting the results reached by the appellate court decisions.

First, we take note of the Senate debate on July 18, 1991. Referring to the proposed section 411.2, Senator Cullerton asked: "I'm just curious, though, if--does this reallocate money which is now being sent somewhere, or does it purport to increase the fines for people who are charged with drug offenses?"  (Emphasis added.)  Senator Barkhausen, a sponsor of the bill, answered:

> "Yes, it's an increase.  It's a new fine; although, we had amended the bill a second time through, and I believe the provisions are here again--I was just looking for them-- to give the court some discretion to require community service work for those who can't pay fines.  But this is new money.  It's not a reallocation of any old money."  (Emphasis

11

added.)  87th Gen. Assem., Senate

Proceedings, July 18, 1991, at 186-87.

When we construe a statute, "it is instructive to consider relevant statements by legislatures concerning the nature and effect of the proposed law." Sulser v. Country Mutual Insurance Co., 147 Ill. 2d 548, 555, 591 N.E.2d 427 (1992).  Nothing in the Senate debates indicates an intent that the drug assessment was to be anything other than a species of fine.

The second reason for following the appellate decisions has to do with a well-established rule of legislative construction. Our supreme court has held: "*** when the legislature amends a statute, but leaves unchanged portions which have been judicially construed, the unchanged position will retain the construction given prior to the amendment." People v. Agnew, 105 Ill. 2d 275, 280, 473 N.E.2d 1319 (1985).

Section 411.2 was amended in 1994, 1995, and 1997.  None of the amendments referred to the credit against assessment issue. Brown was decided in 1993, Reed in 1994, Otero in 1994, and Rodriguez in 1995.  The legislature is presumed to know how courts have interpreted a statute and may amend the statute if it intended a different construction.  Illinois Department of Labor v. Tri State Tours, Inc., 342 Ill. App. 3d 842, 847, 795 N.E.2d 990 (2003).  We assume the legislature saw no need to change the

results reached in the appellate decisions.

We conclude defendant was entitled to a credit of $185 against the $500 assessment. Although we agree the assessment is a kind of fine, we see no need to remand for an inquiry into defendant's ability to pay it. The assessment is mandatory. The legislature provided for ways to eliminate or reduce it. Defendants convicted of drug offenses are given the opportunity to improve their lives and the lives of others (subsections (e) and (f)). That is the statutory plan set out in section 411.2 and it tells us why the legislature placed it in its own section, separate from traditional fines.

II. Spinal Cord Research Fund Fee

Defendant contends his due process rights were violated by the trial court's imposition of a $5 fee for deposit into the Spinal Cord Injury Paralysis Cure Research Trust Fund (Spinal Cord Fund). 730 ILCS 5/5-9-1.1(c) (West 2002). Defendant contends collecting a $5 Spinal Cord Fund fee from a person convicted of a drug-related offense is an arbitrary and unreasonable exercise of the State's police power. See People v. Wick, 107 Ill. 2d 62, 63, 481 N.E.2d 676 (1985). He says the statute bears no rational relationship to the public interest intended to be protected.

Our supreme court recently upheld the constitutionality of

the statutory provision imposing a fee earmarked for the Spinal Cord Fund in People v. Jones, 223 Ill. 2d 569, 605-06, 861 N.E.2d 967 (2006). The court held the $5 charge may properly be viewed as a criminal penalty, and "it is well established that the legislature has broad authority to determine the nature and extent of criminal penalties." Jones, 223 Ill. 2d at 602.

Accordingly, we reject defendant's argument and affirm the trial court's assessment of the $5 fee for the Spinal Cord Fund.

III. DNA

Defendant contends the compulsory extraction and perpetual storage of his DNA violate his fourth amendment right to be free from unreasonable searches and seizures under the federal and state constitutions. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. Section 5-4-3 of the Unified Code of Corrections mandates DNA sampling from any person convicted or found guilty "of any offense classified as a felony under Illinois law." 730 ILCS 5/5-4-3(a) (West 2002).

This court repeatedly has addressed this issue and rejected defendant's position. See People v. Redmond, 357 Ill. App. 3d 256, 264, 828 N.E.2d 1206 (2005); People v. Foster, 354 Ill. App. 3d 564, 571, 821 N.E.2d 733, 740 (2004); People v. Butler, 354 Ill. App. 3d 57, 68-69, 819 N.E.2d 1133 (2004); People v. Edwards, 353 Ill. App. 3d 475, 486, 818 N.E.2d 814 (2004); People

14

v. Peppers, 352 Ill. App. 3d 1002, 1007-08, 817 N.E.2d 1152 (2004); People v. Ramos, 353 Ill. App. 3d 133, 154, 817 N.E.2d 1110 (2004); People v. Hall, 352 Ill. App. 3d 537, 549-50, 816 N.E.2d 703 (2004); People v. Garvin, 349 Ill. App. 3d 845, 856 (2004), appeal allowed, 212 Ill. 2d 541, 824 N.E.2d 287 (Nov. 24, 2004).  Every state and federal court that has addressed the constitutionality of a similar DNA statute has upheld the statute.  Peppers, 352 Ill. App. 3d at 1004-05, citing Green v. Burge, 354 F.3d 675, 679 (7th Cir. 2004), and Garvin, 349 Ill. App. 3d at 854.

We find, consistent with virtually unanimous authority, that section 5-4-3 is constitutional and defendant's constitutional rights were not violated by the order to extract his DNA.

CONCLUSION

For the reasons stated, we amend the Costs and Fees order to reflect a credit of $185 against the $500 "Assessment Controlled Substance," and we affirm the $5 fee for the Spinal Cord Fund. We affirm the trial court's order that blood be extracted from the defendant for storage of his DNA.

Affirmed as modified.

GARCIA, and HALL, JJ., concur.