THIRD DIVISION
AUGUST 8, 2007

1-04-3669

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 14264 |
| | ) | |
| DONTELL BLAKNEY, | ) | Honorable |
| | ) | John P. Kirby, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

Following a bench trial, defendant Dontell Blakney was convicted of possession of a controlled substance (cocaine) with intent to deliver within 1000 feet of a public housing agency, possession of a controlled substance (cocaine) with intent to deliver and possession of cannabis with intent to deliver and sentenced to seven years' imprisonment. Defendant appeals, contending that (1) his conviction should be reduced to simple possession because the evidence at trial was insufficient to prove beyond a reasonable doubt that he intended to deliver the controlled substance, (2) his conviction should be reversed and remanded because the record does not reflect that he knowingly and intelligently waived his right of confrontation before his attorney entered into a stipulation regarding the chain of custody and the chemical composition of the recovered substances, (3) his conviction for possession of cocaine with intent to deliver should be vacated because the trial court merged that conviction into his conviction for possession of cocaine with intent to deliver within 1000 feet of a public housing agency and his mittimus should be amended to reflect this correction, (4) his mittimus should be amended to reflect the correct names of the offenses of which he was convicted, (5) his mittimus should be amended to reflect the correct time served in presentence custody, (6) he

is entitled to a $5 credit against the $3000 "fine" assessed to him for each day he was in custody prior to sentencing, (7) his due process rights were violated when the trial court assessed a $5 fee for the Spinal Cord Injury Paralysis Cure Research Trust Fund (Spinal Cord Fund), and (8) his penalty of $20 for the Violent Crime Victims Assistance Fund should be vacated because the fee was erroneously assessed against him.

In People v. Blakney, 366 Ill. App. 3d 925, 853 N.E.2d 885 (2006) we affirmed defendant's convictions and sentence, vacated a $5 Trauma Fund fee and a $20 Violent Crime Victims Assistance fee, amended the costs and fees order to reflect a credit of $1020, and ordered the clerk of the circuit court to amend the mittimus to reflect that defendant should receive 204 days' credit for his pretrial incarceration and to indicate that he had been convicted of possession of a controlled substance with intent to deliver within 1000 feet of a public housing agency and possession of cannabis with intent to deliver. Pursuant to a supervisory order by our supreme court we have vacated our original opinion and now reconsider our judgment in light of People v. Jones, 223 Ill. 2d 589, 861 N.E.2d 967.

Defendant was charged by indictment with: (1) possession of a controlled substance with intent to deliver within 1000 fee of a school (720 ILCS 570/401(c)(2), 407(b)(1) (West 2004)); (2) possession of a controlled substance with intent to deliver within 1000 feet of a public housing agency (720 ILCS 570/401(c)(2), 407(b)(1) (West 2004)); (3) possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2004)); and (4) possession of cannabis with intent to deliver (720 ILCS 550/5(f) (West 2004)).

Chicago Police Officer Anthony Driver was the sole prosecution witness at defendant's trial.

Driver testified that on May 14, 2004, at approximately 6:50 p.m., he and other police officers were executing a search warrant at 747 East 130th Place in Chicago. After Driver announced his office and demanded entry, defendant shut the screen door. Upon gaining entry, Driver saw defendant halfway in the closet of the first floor. The police detained defendant and a woman, who was later arrested and charged separately, and began to search the premises. In the closet where defendant was standing, Driver found one plastic bag containing 35 smaller plastic bags of a white rock-like substance suspected to be cocaine and three large "freezer" bags of suspect cannabis in the sleeve of a male jacket. He also found another plastic bag containing approximately 100 smaller empty plastic bags. In addition, Driver found 12 more plastic bags containing suspect cannabis from a male jacket sleeve in a bedroom on the second floor. Elsewhere in the apartment, Driver recovered an electronic scale. Finally, the police recovered a letter addressed to defendant at 747 East 130th Place, the address of the apartment. At the police station, Driver sealed the items in a heat sealed bag, labeled it with a specific inventory number and deposited it into the safe.

The parties then stipulated to the chain of custody and the chemical composition of the recovered contraband. They stipulated that a forensic chemist would testify that she received the inventoried items in a heat sealed condition labeled with a specific inventory number from the Chicago Police Department and that the envelope contained 15 items of suspect cannabis and 35 items of suspect cocaine. The parties stipulated that 8 of the 15 items of suspect cocaine tested positive for the presence of 1.1 grams of cocaine and that the total estimated weight of the 35 items was 4.8 grams.

Following the stipulations, the State rested. After defendant's motion for a directed verdict

3

was denied, he rested without presenting any evidence. The trial court found defendant guilty on counts II (possession of a controlled substance with intent to deliver within 1000 feet of a public housing agency), III (possession of a controlled substance with intent to deliver) and IV (possession of cannabis with intent to deliver).

At sentencing, the trial court merged count III into count II. Defendant filed a motion for a new trial, which was denied. The trial court sentenced defendant as a Class X offender to seven years' imprisonment and gave him credit for 199 days for time served prior to sentencing. The trial court also ordered defendant to pay a $3000 Controlled Substance Assessment, $20 to the Violent Crime Victim Assistance Fund, $100 tot he Trauma Fund and $5 to the Spinal Cord Fund. Defendant now appeals.

Defendant first contends that this court should reverse his conviction and remand for resentencing on the lesser-included offense of possession of a controlled substance because the State failed to prove that he intended to deliver the 4.8 grams of cocaine he possessed.

When a defendant challenges the sufficiency of the evidence, the relevant question for the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the defendant guilty beyond a reasonable doubt. People v. Tenney, 205 Ill. 2d 411, 427, 793 N.E.2d 571, 581 (2002). In order to convict a defendant of possession of a controlled substance with intent to deliver, the State must prove the defendant (1) had knowledge of the presence of the narcotics, (2) had possession or control of the narcotics and (3) intended to deliver the narcotics. 720 ILCS 570/401 (West 2004); People v. Robinson, 167 Ill. 2d 397, 407, 657 N.E.2d 1020, 1026 (1995).

The elements of intent to deliver are generally proved by circumstantial evidence. People v. Beverly, 278 Ill. App. 3d 794, 799, 663 N.E.2d 1061, 1065 (1996). Accordingly, "this issue involves the examination of the nature and quantity of circumstantial evidence necessary to support an inference of intent to deliver." Robinson, 167 Ill. 2d at 408, 657 N.E.2d at 1026. In Robinson, our supreme court noted that numerous factors have been considered by Illinois courts as probative of a defendant's intent to deliver in controlled substance prosecutions. Robinson, 167 Ill. 2d at 408, 657 N.E.2d at 1026. These factors include whether the quantity of the controlled substance in a defendant's possession is too large to be viewed as being for personal consumption, the high purity of the drug confiscated, the possession of weapons, the possession of a large quantity of cash, the possession of police scanners, beepers or cellular telephones, the possession of drug paraphernalia and the manner in which the substance is packaged. Robinson, 167 Ill. 2d at 408, 657 N.E.2d at 1026-27. Robinson clearly intended to merely provide examples of factors and to allow courts to utilize other factors. Robinson, 167 Ill. 2d at 408-415, 657 N.E.2d at 1026-1030; People v. Bush, 214 Ill. 2d 318, 327, 827 N.E.2d 455, 461 (2005).

Defendant relies on several cases, including People v. Crenshaw, 202 Ill. App. 3d 432, 559 N.E.2d 1051 (1990); People v. Thomas, 261 Ill. App. 3d 366, 633 N.E.2d 839 (1994); and People v. Hodge, 250 Ill. App. 3d 736, 620 N.E.2d 651 (1993), in support of his contention that the evidence in this case is insufficient to sustain his conviction for possession of a controlled substance with intent to deliver. In Crenshaw, the court found that the fact the defendant possessed 22 small packets of cocaine, totaling 11.2 grams, was not sufficient in itself to establish an intent to deliver. Crenshaw, 202 Ill. App. 3d at 436, 559 N.E.2d at 1053. In Thomas, the court held the evidence was

insufficient to prove the intent to deliver where the defendant was found in possession of a total of 5.5 grams of cocaine divided into 27 individual packets and had a loaded shotgun. Thomas, 261 Ill. App. 3d at 370-71, 633 N.E.2d at 842. In Hodge, the court reversed the defendant's conviction and found that possession of 4.07 grams of cocaine, $900 in cash and a handgun was not sufficient to establish a conviction for possession with intent to deliver. Hodge, 250 Ill. App. 3d at 747, 620 N.E.2d at 660. But these cases have been seriously questioned and probably repudiated by our supreme court. Robinson, 167 Ill. 2d at 412, 657 N.E.2d at 1028; see Beverly, 278 Ill. App. 3d at 800-01, 663 N.E.2d at 1066.

"[W]hen a defendant is charged with possession of a controlled substance, in appropriate circumstances, packaging alone might be sufficient evidence of intent to deliver." (Emphasis in original.) Robinson, 167 Ill. 2d at 414, 657 N.E.2d at 1029. However, when only a small amount of drugs is found, in order to establish the intent to deliver, the minimum evidence a reviewing court needs to affirm a conviction is that the drugs were packaged for sale, and at least one additional factor tending to show intent to deliver. Beverly, 278 Ill. App. 3d at 802, 663 N.E.2d at 1067.

In this case, the evidence presented at trial met much more than the minimum amount of evidence necessary to affirm defendant's conviction. The evidence established that defendant possessed a total of 4.8 grams of cocaine packaged in 35 separate small plastic bags and a total of 2,506.3 grams of cannabis contained in 15 plastic bags. In addition, defendant possessed an electronic scale and approximately 100 additional one-inch empty plastic bags.

Defendant, relying on People v. Delgado, 256 Ill. App. 3d 119, 123, 628 N.E.2d 727, 730 (1993), asserts that the presence of a large amount of cannabis is not dispositive of an intent to deliver

a smaller amount of cocaine. Although we do not agree with defendant's broad interpretation of Delgado, even assuming defendant's assertion is true, we find that there was sufficient evidence in this case as the police also found approximately 100 empty plastic bags and an electronic scale, which is consistent with drug packaging and distribution.

Defendant next contends that his conviction should be reversed and his case remanded for a new trial because the record is devoid of any indication that he knowingly and intelligently waived his constitutional right of confrontation before his attorney entered into a stipulation regarding the chain of custody and the chemical composition of the recovered substances. Defendant's exact contention has recently been addressed and rejected by our supreme court in People v. Phillips, 217 Ill. 2d 270, 280-287, 840 N.E.2d 1194, 1200-1204 (2005). Therefore, no further discussion of this issue is necessary.

Defendant next raises several issues regarding his mittimus. Defendant argues and the State concedes that the mittimus must be amended to reflect the proper judgment of the trial court and the correct amount of time defendant served prior to sentencing. The mittimus reflects that defendant was convicted of counts II, III and IV. At sentencing, the trial court merged count III, the lesser-included offense, into count II. Thus, the mittimus must be amended to reflect this merger. In addition, defendant was in custody from the date of his arrest on May 14, 2004, until his sentencing on December 3, 2004. Therefore, the parties agree he is entitled to 203 days of credit against his sentence instead of 199 days pursuant to section 5-8-7(b) of the Unified Code of Corrections (the Unified Code) (730 ILCS 5/5-8-7(b) (West 2004)).

Defendant also argues that the mittimus must be amended to reflect the proper title of the

offenses of which he was convicted. The mittimus reflects that defendant was convicted of "MFG/DEL COCAINE/SCH/PUB H," "MFG/DEL 01-15 CR COCAINE," and "MFG/DEL CANNABIS/2000<500." As indicated above, defendant was convicted of possession of a controlled substance with intent to deliver within 1000 feet of a public housing agency (720 ILCS 570/401(c)(2) (West 2004)) and possession of cannabis with intent to deliver (720 ILCS 550/401(f) (West 2004)). He was not convicted of manufacturing the substances. Pursuant to Supreme Court Rule 615(b)(1) (134 Ill. 2d R. 615(b)(1)), we direct the clerk of the circuit court to amend the mittimus to reflect the proper judgment of the trial court, the proper names of the convictions and the correct number of days for which defendant is entitled to credit. People v. Butler, 354 Ill. App. 3d 57, 69, 819 N.E.2d 1133, 1143 (2004).

Defendant also contends that he is entitled to a $5 per day credit for the 203 days he spent in presentence incarceration, which he calculates to be $1015, against the $3000 Controlled Substance Assessment ordered by the trial court pursuant to section 411.2 of the Controlled Substances Act (the Act) (720 ILCS 570/411.2 (West 2004)), in accordance with section 110-14 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/110-14 (West 2004)). Section 110-14 provides in relevant part:

> "(a) Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110-14 (West 2004).

The State argues that defendant is not entitled to this credit because the incarceration credit

only applies to "fines," and not "assessments." But our supreme court has recently held that the incarceration credit is applicable towards the Controlled Substance Assessment. People v. Jones, 223 Ill. 2d at 587-592, 861 N.E.2d at 871-898. This opinion is in accord with previous decisions of this court. See the discussion in People v. Fort, No. 1-04-1937, slip op. at 7-10 (Ill. App. May 29, 2007). Thus, defendant is entitled to a $5 per day credit against his $3000 Controlled Substance Assessment.

The State argues that even if the Controlled Substance Assessment is a "fine," defendant is entitled to the $5 credit for only 60 days. The State bases its contention on the fact that as of June 10, 2003, defendant was serving a three-year mandatory supervised release term (MSR) following his release from prison. See 730 ILCS 5/5-8-1(d)(1) (West 2004). According to the State, on July 12, 2004, following defendant's May 14 arrest in the current case, his MSR was revoked and he was returned to the Illinois Department of Corrections (the Department). The State argues that because defendant was serving time for violating his MSR as of July 12, he was no longer serving time on a "bailable offense." We disagree.

First, the record does not support the State's contention. Although defendant's presentence investigative report indicates that he had previously been convicted of the Class X offense of armed robbery on January 18, 2002, that he was paroled from prison on June 10, 2003, and that he was returned to the Department on July 12, 2004, we find the record does not clearly support the State's argument that defendant was returned to the Department "to serve the remainder of his [MSR]."

Second, even if the record does in fact support the State's contention, it lacks merit. We find People v. Spencer, 347 Ill. App. 3d 483, 807 N.E.2d 1228 (2004), a decision from the Fifth District and its application of People v. Robinson, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996), a decision from

our supreme court, instructive on this issue.

In Spencer, as in this case, the issue was the amount of monetary credit to which the defendant was entitled under section 110-14 of the Code. The defendant had been arrested on several initial charges, posted bond and was released. He then committed a second offense while out on bond. He was eventually returned to custody and the court increased his bond on the initial offenses. He thereafter pled guilty to the second offense and immediately began serving a one-year sentence. He was then tried and convicted of the initial offenses. On appeal, the parties disputed the number of days to which the $5 credit of section 110-14 applied.

The court in Spencer looked to Robinson, a case from our supreme court addressing sentencing credit under section 5-8-7(b) of the Unified Code, for guidance. In Robinson, the court held that a defendant is entitled to sentencing credit under section 5-8-7(b) when he or she is simultaneously in custody on two charges. In that case, the defendant, who had previously been arrested for murder and posted bail, committed the offense of armed robbery. When the trial court thereafter increased his bond on the murder charge, the defendant was taken into custody. He then pled guilty to the armed robbery and began serving his sentence on that offense. When he completed his armed robbery sentence, he asked the trial court to reduce the bond on his murder charge. The trial court agreed and the defendant was released. The defendant was convicted of murder and concealment of a homicidal death almost two years later. On appeal, the parties disputed the amount of section 5-8-7(b) credit to which the defendant was entitled. The reviewing court held that the defendant was entitled to credit for the entire time he was in custody from when his bond was increased to when he was released after completing his sentence on the subsequent armed robbery

conviction. Robinson, 172 Ill. 2d at 463, 667 N.E.2d at 1310. The court reasoned that even if the defendant had not been incarcerated on the armed robbery offense, he would have remained in custody on the murder charge because of his failure to post the increased bond imposed on that offense. Robinson, 172 Ill. 2d at 459, 667 N.E.2d at 1308.

The Spencer court, noting that the defendant in Robinson was entitled to section 5-8-7(b) credit even for the time he was serving a sentence on a subsequent conviction, held that although a portion of the disputed time was spent serving a one-year sentence on the second offense, the defendant also remained in custody on the initial offenses. The court reasoned that as in Robinson, the defendant would have remained in custody on the initial offenses even if he had not been serving the sentence on the second offense due to his failure to post bond. Spencer, 347 Ill. App. 3d at 490, 807 N.E.2d at 1234. The court also found that the initial offenses did not cease to be bailable until he was sentenced for them. Spencer, 347 Ill. App. 3d at 491, 807 N.E.2d at 1234.

We acknowledge that this case is somewhat different than Robinson and Spencer. For example, rather than involving a defendant who is released from custody on bond who commits a subsequent offense, this case involves a defendant being returned to prison following the revocation of a previously imposed MSR term. We find this distinction immaterial to Spencer's conclusion that the offenses for which the defendant was initially arrested did not cease to be bailable until he was sentenced on those offenses. Therefore, in this case, we conclude that the offenses for which defendant was arrested on May 14, 2004, did not cease to be bailable until he was sentenced on December 3, 2004, regardless of on what basis he was being held in the interim.

Spencer, in relying on Robinson, focused on whether the defendant was entitled to section

11

5-8-7(b) credit. In this case, there is no question that defendant was "in custody" for over 200 days before he was sentenced. As previously addressed, the State has even conceded as much. Both Robinson and Spencer make clear that when a defendant is simultaneously being held on two offenses, even if during that time he or she is serving a sentence on a conviction, he or she is entitled to credit for that time on the first offense. Following those cases, we find that defendant is entitled to a $5 per day credit for the entire time he was held on the current offenses, even if for part of that time he was serving a MSR term imposed due to an unrelated offense.

We therefore reject the State's reliance on People v. Lowry, 231 Ill. App. 3d 788, 596 N.E.2d 1218 (1992). In that case, the court refused to accept the defendant's contention that he was entitled to a $5 credit for each day he was held in custody, including the time he was serving time for a previous violation of bail bond conviction, because that conviction was "totally unrelated to the case at hand." Lowry, 231 Ill. App. 3d at 797, 596 N.E.2d at 1223. Lowry, however, was decided prior to our supreme court's decision in Robinson, and prior to Spencer.

We conclude that defendant is entitled to a $5 per day credit for the entire time he was in custody from his arrest on May 14 until his sentencing on December 3. As addressed above, we calculate this to be 203 days. Defendant is therefore entitled to a credit of $1015 against his $3000 Controlled Substance Assessment.

Defendant contends that his due process rights were violated when he was ordered to pay $5 to the Spinal Cord Fund (730 ILCS 5/5-9-1.1(c) (West 2004)). Defendant contends that the fee does not bear a rational relationship to the crime of possession of a controlled substance with intent to deliver. Our supreme court has recently determined that no such rational relationship test applies to

12

this charge, which is in the nature of a fine. People v. Jones, 223 Ill. 2d 589, 595-606, 861 N.E.2d 967, 983-989. Accordingly, we affirm the order that defendant pay a $5 fee to the Spinal Cord Fund.

Finally, defendant also contends that the trial court improperly imposed a $20 fine for the Violent Crime Victims Assistance Fund because it already imposed two other "fines": a $3000 Controlled Substance assessment and a $100 Trauma Fund Assessment. The State responds that defendant was properly ordered to pay $20 to the Violent Crime Victims Assistance Fund because the Trauma Fund and the Controlled Substance Assessment are "fees," not "fines."

The Violent Crime Victims Act provides in relevant part that:

"When any person is convicted in Illinois *** of an offense listed below, *** and no other fine is imposed, the following penalty shall be collected by the Circuit Court Clerk: (1) $25, for any crime of violence as defined in subsection (c) of Section 2 of the Crime Victims Compensation Act; and (2) $20 for any other felony or misdemeanor, excluding any conservation offense." (Emphasis added.) 725 ILCS 240/10(c)(1), (2) (West 2004).

The court in Jones also held that the Trauma Fund charge is a fine and subject to setoff. Jones, 223 Ill. 2d at 592-595, 861 N.E.2d at 981-983. In light our finding above that the Controlled Substance Assessment is also a type of "fine," we find that the trial court erroneously ordered defendant to pay $20 to the Violent Crime Victims Assistance Fund and we reverse that order.

For the foregoing reasons, we affirm defendant's convictions of possession of a controlled substance within 1000 feet of a public housing agency and possession of a controlled substance with

intent to deliver as well as his seven-year prison sentence. We also affirm the fees assessed against defendant of $3000 (Controlled Substance Assessment), $100 (Trauma Fund Assessment) and $5 (Spinal Cord Fund). We vacate the $20 fee (Violent Crime Victims Assistance). Defendant shall receive a $1015 credit against these fees based upon his 203 days of presentence incarceration. Those 203 days shall also be credited against his sentence. The mittimus shall be corrected to reflect these orders.

Affirmed in part and order vacated in part; mittimus amended.

THEIS, P.J., and KARNEZIS, J., concur.