THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TONY RICHARDS, Defendant-Appellant.

Third District   No. 3—08—0003

Opinion filed September 15, 2009.

Gary R. Peterson, of State Appellate Defender's Office, of Springfield, for appellant.

John J. Boyd, State's Attorney, of Kankakee (Terry A. Mertel and Justin A. Nicolosi, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Defendant Tony Richards was convicted by a jury of retail theft, sentenced to a three-year term of imprisonment, and ordered to pay various fines, fees and costs. On appeal, he challenges the trial court's jurisdiction to impose the fines and fees and the imposition of several of the fines and fees. We affirm the trial court's imposition of fines and fees, and modify the judgment to vacate the Violent Crime Victims Assistance Fund fine of $20, reduce the sheriff's fee to $90, and credit Richards $5 against the teen court fee.

## FACTS

Defendant Tony Richards was convicted by a jury of one count of retail theft. 720 ILCS 5/16A—3(a) (West 2006). At the sentencing hearing on December 17, 2007, the trial court sentenced Richards to three years' imprisonment. At that time, the trial court stated, "[a]nd I will also charge him cost, but that will be a judgment for cost unless there's money in the file." Richards indicated that he would not pursue an appeal regarding the sentence but wanted an immediate appeal of his trial. Richards filed his notice of appeal on December 28, 2007. On January 10, 2008, the trial court entered an order imposing fines, fees and costs, including $110 for the sheriff's fee at $10 a day for 11 days, crime victims' fine of $20, and a $5 teen court fee. In total, Richards was ordered to pay $600 in fines, costs and fees. The judgment order indicated that on December 17, 2007, "on motion of the State ***, the following fines, fees and costs are hereby allowed."

## ANALYSIS

Richards raises four issues on appeal concerning the trial court's imposition of fines and fees, including the jurisdiction of the court to impose the penalties, assessment of the Violent Crime Victims Assistance Fund, the amount of the sheriff's costs and his entitlement to credit against his fines for time spent in custody.

We turn to the first issue, whether the trial court lacked jurisdiction to impose the various fines and fees. Richards asserts that because he filed his notice of appeal before the trial court imposed the monetary penalties, the court was without jurisdiction to impose them. Richards asks this court to vacate the judgment entered on January 10, 2007, assessing the fines, fees and costs.

When a notice of appeal is properly filed, the appellate court's jurisdiction attaches *instanter* and the trial court loses jurisdiction. *People v. Shukovsky*, 128 Ill. 2d 210, 227, 538 N.E.2d 444, 451 (1988), quoting *Daley v. Laurie*, 106 Ill. 2d 33, 37, 476 N.E.2d 419, 421 (1985). Where the matter being appealed is independent of, and collateral to, the case before the trial court, however, the trial court may retain jurisdiction. *Shukovsky*, 128 Ill. 2d at 227, 538 N.E.2d at 451. We review a question of jurisdiction *de novo*. *People v. Herrin*, 385 Ill. App. 3d 187, 190, 895 N.E.2d 1075, 1077 (2008).

■ Based on our review of the record, we determine that Richards' jurisdictional challenge is without merit. At the December 17, 2007, sentencing hearing, after the trial court sentenced Richards to three years' incarceration, it stated, "[a]nd I will also charge him cost, but that will be a judgment for cost unless there's money in the file." The court entered an order January 10, 2008, enumerating the fines, fees and costs imposed. The order indicated that on the State's motion on December 17, 2007, "the following fines, fees and costs are hereby allowed." The docket sheet states that at the sentencing hearing on December 17, "judgment [was] given for Court Costs. Cost Order to be filed." The docket sheet further indicates that on January 10, 2008, the cost order was presented and signed. The record establishes that the fines, fees and costs were approved at the December 17, 2007, sentencing hearing, with the order specifying the penalties to be entered at a later date. Although Richards filed his notice of appeal before the penalty order was signed, the various fines, fees and costs were actually imposed at the December 17 hearing. We hold that at the time the penalties were imposed, the trial court had jurisdiction.

■ We next consider the Violent Crime Victims Assistance Fund fee. Richards argues that imposition of the $20 fine was in error because the trial court also imposed a $5 teen court fine.

The Violent Crime Victims Assistance Act provides that when any person is convicted of an enumerated offense, "and no other fine is imposed," a $20 penalty should be imposed for any felony or misdemeanor. 725 ILCS 240/10(c)(2) (West 2006). Imposition of the Violent Crime Victims Assistance Fund fine is in error when any other fine is also imposed. *People v. Blakney*, 375 Ill. App. 3d 554, 563-64, 873 N.E.2d 1007, 1015 (2007). Because the propriety of a trial court's imposition of fines and fees involves a question of statutory interpretation, our review is *de novo*. *People v. Price*, 375 Ill. App. 3d 684, 697, 873 N.E.2d 453, 465 (2007).

Richards was assessed a mandatory $5 teen court fee. 55 ILCS 5/5—1101(e)(2) (West 2006). Although termed a "fee" in the statute, the teen court penalty has been determined to be a fine. *Price*, 375 Ill. App. 3d at 700, 873 N.E.2d at 468. Pursuant to the Violent Crime Victims Assistance Act, the trial court was prohibited from imposing the Violent Crime Victims Assistance Fund fee because the teen court fee was charged. We find that the trial court erred in imposing the $20 fine and we vacate it.

■ The third issue Richards raises is the amount he was assessed for the sheriff's fee. He contends that he was improperly charged for 11 days of court attendance when he only attended court on 9 days. He asks that we reduce his $110 fee to $90.

A defendant shall be assessed a $10-per-day sheriff's fee for sheriff's personnel "attending before a court with a prisoner in any criminal proceeding." 55 ILCS 5/4—5001 (West 2006). Because this issue involves application of a statute to undisputed facts and raises a question of law, our review is *de novo*. *People v. Diggins*, 379 Ill. App. 3d 994, 996, 888 N.E.2d 129, 132 (2008).

The State concedes that Richards was assessed an incorrect sheriff's fee. The docket sheet indicates that he attended court on 9 occasions, not 11. Accordingly, the amount of his sheriff's fee should be $90 based on 9 days at $10 per day. We reduce his sheriff's fee to $90.

■ Lastly, we consider whether Richards was entitled to credit against his fines for the time he spent in custody prior to his sentencing. Richards argues that he is entitled to credit for the days he spent in custody and that the credit should be used against his $20 Violent Crime Victims Assistance Fund fine and the $5 teen court fee.

A defendant is entitled to receive a $5-per-day credit against his fines for each day he spent in custody prior to being sentenced. 725 ILCS 5/110—14(a) (West 2006). A defendant may request this statutory credit for the first time on appeal. *People v. Woodward*, 175 Ill. 2d 435, 457, 677 N.E.2d 935, 945-46 (1997). We review this issue *de novo* as it is a question of law involving application of a statute to undisputed facts. *Diggins*, 379 Ill. App. 3d at 996, 888 N.E.2d at 132.

The State concedes that Richards is entitled to credit against his fines and we agree. We note that Richards claims he was in custody for 132 days while the State calculates his time in custody as 193 days. Richards was arrested on June 29, 2007, and remained incarcerated until he was sentenced on December 17, 2007. By our calculations, he was in custody for 172 days and was entitled to a credit of $860 ($5 x 172). Under any of the calculations, the amount of Richards' credit exceeds the amount of his fines. Because we have vacated the $20 crime victims' fine, the only fine to which Richards is entitled to credit is the $5 teen court fee. Accordingly, we modify the judgment of the trial court to reflect a $5 credit against the teen court fee.

In summary, we find that the trial court had jurisdiction when it imposed fines, fees and costs on Richards, that the trial court erred in assessing the $20 fine for the Violent Crime Victims Assistance Fund, that the sheriff's fee should be reduced to $90, and that Richards is entitled to credit against the teen court fee. Under our authority pursuant to Illinois Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we therefore vacate the $20 crime victims' fine, reduce the sheriff's fee to $90, and grant Richards $5 credit on the teen court fine.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed in part, vacated in part, and modified in part.

Affirmed in part, vacated in part, and modified in part.

CARTER and WRIGHT, JJ., concur.