NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190279-U

NO. 4-19-0279

IN THE APPELLATE COURT

FILED
June 2, 2020
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Coles County |
| JOHN WATTS, | ) | No. 14CF424 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brien J. O'Brien, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, finding the trial court did not abuse its discretion in denying defendant's amended motion to withdraw his guilty plea.

¶ 2   Defendant, John Watts, appeals from the denial of his amended motion to withdraw his plea of guilty to the offenses of aggravated battery and unlawful possession of a weapon by a felon. On appeal, defendant argues his plea was constitutionally invalid, and he is therefore entitled to withdraw it, because (1) plea counsel provided ineffective assistance and (2) the trial court improperly admonished him on the sentencing range he faced.

¶ 3                              I. BACKGROUND

¶ 4                    A. The Charges, Guilty Pleas, and Sentence

¶ 5        In September 2014, the State charged defendant with armed violence, predicated on attempted armed robbery (count I) (720 ILCS 5/33A-2(c) (West 2012)), aggravated battery with a firearm (count II) (720 ILCS 5/12-3.05(e)(1) (West 2012)), and unlawful possession of a weapon by a felon (count III) (720 ILCS 5/24-1.1(a) (West 2012)). Each count related to the State's allegation that on September 11, 2014, defendant "shot Aaron Moutray in the hip with a .22 caliber semi-automatic hand gun."

¶ 6        According to the arresting officer's 48-hour affidavit—which served as the factual basis for defendant's eventual guilty plea—Moutray reported that while he was attempting to sell marijuana to defendant outside of his house, he noticed a second individual "approaching him from the side of [his] residence[.]" Worried that defendant and the second individual intended to rob him, Moutray "pulled a knife out of his pocket[ ] and asked what was going on, at which time [defendant] *** pulled a hand gun out and began shooting it at [Moutray]." Moutray also indicated that his father and girlfriend were present at the time of the shooting. Defendant reported essentially the same material facts. Defendant additionally "advised that although [Moutray] did pull out a knife, he did over react [*sic*] by shooting at him, and knew what he did was wrong and against the law."

¶ 7        At the preliminary hearing, the trial court admonished defendant that, if convicted, he faced a sentencing range from 25 to 40 years in prison on count I, 6 to 30 years on count II, and 2 to 10 years on count III.

¶ 8        On March 4, 2015, defendant entered fully negotiated pleas of guilty to counts II and III in exchange for the State's agreement to dismiss count I and to recommend prison sentences of 12 years and 3 years on counts II and III, respectively. The trial court accepted defendant's pleas and sentenced defendant in accordance with the State's recommendations.

¶ 9                                    B. Defendant's Initial *Pro Se* Motion

¶ 10          On April 2, 2015, thirty days after being sentenced, defendant *pro se* filed a form motion labeled as a "Motion for Reduction of Sentence." The form motion provided blank space for a *pro se* defendant to explain, in his own words, the "reasons" for the motion. Defendant handwrote that the reason for his motion was "Insufficient Counseling." In support, defendant raised several allegations that he believed rebutted the State's theory of the case and supported a self-defense claim. The trial court appointed counsel to represent defendant on his *pro se* motion.

¶ 11                          C. The Amended Motion to Withdraw Guilty Plea

¶ 12          Following numerous denials, appeals, and remands that are not relevant to the issues on appeal here, defendant's fourth appointed conflict counsel filed an amended motion to withdraw guilty plea, arguing as follows:

"1. Defendant asserts that his guilty plea was coerced because it was obtained by [plea counsel] not providing [defendant] with effective assistance of counsel:

(a) [Plea counsel] refused to file a self[-]defense claim.

(b) [Plea counsel] refused to consult an expert regarding the trajectory of the gunshot that would have supported a self[-]defense claim.

(c) [Plea counsel] failed to show Defendant his video taped statement and only would relate to Defendant what the taped statement said.

(d) [Plea counsel] failed to consult with witnesses that Defendant g[a]ve in an effort to support his claim of self[-]defense.

2. Defendant asserts that his guilty plea was coerced or involuntary because the charge of armed violence was used to persuade Defendant to accept plea to a

- 3 -

lesser charge; however, the charge of armed violence was not a viable charge against Defendant."

The trial court denied defendant's amended motion to withdraw his guilty plea following a hearing, at which both defendant and plea counsel testified. We find it unnecessary to set forth their testimony because, as discussed below, the arguments defendant now raises on appeal are different than the ones that were before the trial court.

¶ 13           This appeal followed.

¶ 14                              II. ANALYSIS

¶ 15           On appeal, defendant argues the trial court erred in denying his amended motion to withdraw his guilty plea. Before reaching the merits of defendant's contention, we must first address the State's jurisdictional argument.

¶ 16                    A. The Trial Court Had Jurisdiction

¶ 17           Initially, the State contends that the trial court's order denying defendant's amended motion is void due to a lack of subject-matter jurisdiction, as defendant failed to file a motion to withdraw his guilty plea within 30 days of being sentenced. In response, defendant argues the trial court possessed jurisdiction because his timely *pro se* "Motion to Reduce Sentence" was, in substance, a motion to withdraw his guilty plea. We review jurisdictional questions, which are questions of law, *de novo*. See, *e.g.*, *People v. Richards*, 394 Ill. App. 3d 706, 708, 916 N.E.2d 66, 68 (2009).

¶ 18           "Generally, the character of a motion is determined by its content or substance, not by the label placed on it by the movant. [Citation.] We must examine the relief sought to determine a motion's character. The character of a motion alleging ineffective assistance of counsel is, therefore, determined by the relief sought in the ineffective assistance claim." *People*

*v. Patrick*, 2011 IL 111666, ¶ 34, 960 N.E.2d 1114. In addition, the proper remedy for a successful ineffective-assistance claim is the one best "tailored to the injury from the constitutional violation \*\*\*." *Id.* ¶ 35.

¶ 19        Here, defendant filed a boilerplate "Motion for Reduction of Sentence" designed to assist *pro se* defendants. The boilerplate language states that the defendant is "request[ing] the Court to reduce the sentence \*\*\*." However, the final paragraph of the form motion provides blank space for *pro se* defendants to "[s]tate all the reasons why you believe your sentence should be reduced \*\*\*." Defendant handwrote the following reasons "in support of his motion":

> "Due to: Insufficient Counseling that resulted with me taking a 12 years at 85%; State's Attorney Bower told my lawyer, whom did not want to take my case to trial due to State's Attorney Bower saying that Aaron Moutray was shot from the back, when medical reports showed different, neither was that what I was charged for doing or sentence[d] for; to me asking Aaron Moutray to let me check out the bag of cannabis, which he handed it to me an[d] I handed it back to him, then asked for a cheaper price while I had money in my hand was not a reason to [threaten] me by pulling out a knife and coming at me with [*sic*], that is when I pulled out a weapon to scare him off though he continued to come at me with knife in hand; The three that was present gave three different statements of what happen[ed] and one spoke on crimes that they committed at this drug deal and were not charged for. I feel that I was treated unfairly."

¶ 20    Despite the motion's boilerplate label and language, viewed with a "lenient eye" as defendant suggests is appropriate, we find the motion more closely resembles a request to withdraw guilty plea than it does a request for reduction of sentence.

¶ 21                B. The Trial Court Did Not Err in Denying
        Defendant's Amended Motion to Withdraw His Guilty Plea

¶ 22    Turning to the merits, defendant argues the trial court erred in denying his amended motion to withdraw his guilty plea because he was entitled to the requested relief on two distinct grounds: First, he was entitled to withdraw his guilty plea because plea counsel provided ineffective assistance and, second, because the trial court improperly admonished him on the possible sentencing ranges he faced as a result of pleading guilty.

¶ 23    We review a trial court's decision to grant or deny a motion to withdraw a guilty plea for an abuse of discretion, which "will be found only where the court's ruling is arbitrary, fanciful, unreasonable, or no reasonable person would take the view adopted by the trial court." *People v. Delvillar*, 235 Ill. 2d 507, 519, 922 N.E.2d 330, 338 (2009).

¶ 24                        1. *Ineffective-Assistance Claim*

¶ 25    Defendant contends plea counsel provided ineffective assistance. Specifically, defendant argues it was objectively unreasonable for plea counsel to not recognize that count I of the charging instrument—armed violence predicated on attempted robbery—was invalid, as the armed violence statute makes clear that that offense cannot be predicated on attempted robbery. Defendant further asserts that he was prejudiced because, but for plea counsel's deficient performance, he would have pleaded not guilty and insisted on going to trial.

¶ 26    Initially, we note that the State contends, and we agree, defendant forfeited this argument by failing to raise it in his amended motion. Defendant's amended motion contained four, clearly delineated ineffective-assistance claims, listed "(a)" through "(d)," none of which

- 6 -

asserted what he now attempts to argue on appeal. However, as highlighted by defendant, forfeiture is a limitation on the parties, not this court, and, given it is undisputed plea counsel failed to challenge an invalid charge—the invalidity of which was explicitly stated in the statute defining the offense—that carried a minimum 25-year sentence, we will address defendant's argument in order to reach a just result. See, *e.g.*, *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65, 48 N.E.3d 185 ("[W]e may overlook forfeiture where necessary to obtain a just result ***.).

¶ 27        The sixth amendment guarantees criminal defendants the right to the effective assistance of counsel during the guilty-plea process. *People v. Brown*, 2017 IL 121681, ¶ 25, 102 N.E.3d 205. The familiar two-pronged *Strickland* test—requiring a showing of counsel's deficient performance and resulting prejudice suffered by the defendant—also applies in the guilty-plea context. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In this context, the first prong of *Strickland* remains the same; however, for purposes of the prejudice prong, "a guilty-plea defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Brown*, 2017 IL 121681, ¶ 26 (quoting *Hill*, 474 U.S. at 59). "A conclusory allegation that a defendant would not have pleaded guilty and would have demanded a trial is insufficient to establish prejudice." *People v. Valdez*, 2016 IL 119860, ¶ 29, 67 N.E.3d 233. "Rather, the defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial." *People v. Hall*, 217 Ill. 2d 324, 335-36, 841 N.E.2d 913, 920 (2005).

¶ 28        Here, even assuming defendant can establish that plea counsel's performance was deficient in not recognizing that one of the counts charged by the State was invalid, defendant's ineffective-assistance claim still fails, as he is unable to establish prejudice. Defendant attempts to establish prejudice merely by stating that he "has stated in five separate motions that he would

not have pled guilty absent [plea counsel's] deficient representation." Defendant provides no further elaboration on this conclusory allegation, nor does he suggest the existence of a plausible defense to the charges properly filed against him. Although we note that defendant made several broad allegations pertaining to a possible self-defense claim in his initial *pro se* motion, he does not address those allegations again on appeal, let alone explain how they in fact help to demonstrate that he had a plausible defense. Accordingly, in the absence of a showing of prejudice, we find defendant has failed to demonstrate plea counsel rendered ineffective assistance.

¶ 29                                 2. *Improper Admonishments Claim*

¶ 30        Defendant also contends that he was entitled to withdraw his guilty plea because the trial court improperly admonished him at the preliminary hearing that he faced a sentencing range from 25 to 40 years in prison if convicted on count I. The State argues this claim on appeal fails because, among other reasons, defendant forfeited his contention by failing to raise it in his amended motion. We agree.

¶ 31        Defendant raised the following assertion in his amended motion: "Defendant asserts that his guilty plea was coerced or involuntary because the charge of armed violence was used to persuade Defendant to accept plea to a lesser charge; however, the charge of armed violence was not a viable charge against Defendant." Absent from this assertion is any suggestion that defendant's plea was involuntary because of improper admonishments by the trial court. Thus, defendant has forfeited his second basis for challenging the trial court's denial of his amended motion to withdraw his guilty plea.

¶ 32                                 III. CONCLUSION

¶ 33        For the reasons stated, we affirm the trial court's judgment.

¶ 34          Affirmed.